## LIZZIE D. REDLON, et al., Respondents, v. BADGER LUMBER CO., Appellant.

**Kansas City Court of Appeals, July 3, 1916.**

1. **MECHANIC'S LIENS:** Enforcement: Parties Defendant: Unknown Assignees of Note Secured by Deed of Trust on Property Affected. A judgment in a mechanic's lien suit is not void as to unknown assignees of a note secured by a deed of trust on the property because of failure to make them parties to the suit, where the trustee and all the parties to the mortgage disclosed by the record .are known, including the record holder of the note, were made parties, and the lien claimant's right to claim a lien accrued prior to the giving of the trust deed, in view of the amendment to the Mechanics' Lien Law approved April 3, 1911 (Laws 1911, p. 315), providing for notice to record parties in certain cases.

2. ————: ————: ————: Limitation: Persons Interested. Under Rev. St. 1909, sec. 8221, providing that in suits to establish mechanics' liens all "persons interested" in the property may be made parties, and, if they are not, they "shall not be bound thereby," and section 8228, requiring such suits to be brought within ninety days after filing the lien and providing that no such lien shall continue to exist after such ninety days unless suit has been instituted within that time, the lien is void, after the expiration of the ninety days, as to a mortgagee of the property of whose interest

the lien claimant had notice, and against whom suit was not brought, either alone or joined as defendant with others, within the ninety days, whether the lien originally took precedence of the mortgage or not.

3. ————: **Mortgage: Priority.** Where a mortgage is not given or recorded until after the materials are sold and furnished and erection of a house begun, the mechanic's lien therefor takes precedence over the mortgage.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone,* Judge.

REVERSED.

*B. F. Deatherage* and *Goodwin Creason* for appellant.

*B. F. Pursel* for respondents.

TRIMBLE, J.—The controversy herein is between the widow and heirs of Benjamin C. Redlon, deceased, on one side and the Badger Lumber Company on the other. Redlon, in his lifetime, was the purchaser of a lot at foreclosure sale under a deed of trust. The Badger Lumber Company obtained a judgment enforcing its lien on the lot for materials furnished and used in erecting a house thereon. This lien is superior to the deed of trust. The Lumber Company being about to enforce its judgment, the plaintiffs, the widow and heirs of said Redlon, brought this suit in equity to enjoin the company from so doing and to cancel and annul the lien.

Lelia D. and J. W. Boswell were the owners of the lot and began the erection of a dwelling house thereon, the materials for which were purchased from the Badger Lumber Company. *Afterwards,* the Boswells gave a deed of trust on the property to C. L. Flaugh, trustee for F. A. Hornaman, beneficiary, to secure a note of even date therewith for $1500 due in three years. This deed of trust was duly recorded on the same day it was given.

The Badger Lumber Company, within the proper time and manner, filed its lien claim for $546.98, and thereafter, within the time allowed by law, brought suit to enforce said lien against the property. In this suit, the Boswells, owners of the lot, C. L. Flaugh, as trustee, and F. A. Hornaman, beneficiary, were made parties defendant, by reason of the aforesaid note and deed of trust, both of which were appropriately referred to. The Redlon Land Company was also made a party defendant, the plaintiff alleging that it was informed and believes that the note secured by said deed of trust was now held by the Redlon Land Company whereby it claimed an interest in and lien upon said property, but alleging further that the lien of the deed of trust was subject and subordinate to the lien of the Lumber Company. All of the defendants in said suit were duly served and the defendant owners, the Boswells, filed answer and contested the suit. A judgment for $620 was duly obtained in the Lumber Company's favor and its lien for that amount was established on the lot and this lien was decreed to be prior and superior to the lien of the deed of trust hereinabove referred to.

The judgment enforcing the Lumber Company's lien was obtained November 2, 1914. On the 14th day of January, 1915, Flaugh, as trustee in said deed of trust, sold the same in foreclosure to Benjamin C. Redlon. He died intestate on February 4, 1915, and his widow and heirs brought this suit April 29, 1915.

It seems- that Redlon furnished the money for which the note, secured by deed of trust, was given by the Boswells. But for some reason, Redlon had the note made payable to Hornaman, an employee in a real estate office, and who, as soon as it was given, endorsed it in blank and delivered it over to Redlon. About a month later, Redlon, after waiving protest and guaranteeing payment, endorsed the note in blank and delivered it to George Tuggle. He kept it for some ten months or more and then, without endorsement, turned it back to Redlon doubtless under the latter's

guarantee of payment.   The transfer of the note from Tuggle back to Redlon was made after the Badger Lumber Company had begun suit to enforce its lien and shortly before the rendition of the judgment establishing same.

No assignment of the note or deed of trust was ever placed on record.   So that, during the time covered by the foregoing recital, and, even down to the introduction of plaintiffs' evidence in the present suit, there was nothing on record to disclose to the Badger Lumber Company that Hornaman was not the owner of the note or that, if he was not the owner thereof, who was such owner.   The Redlon Land Company, of which Benjamin C. Redlon was a stockholder, had, a short time before the deed of trust was given, sold the lot to the Boswells and doubtless for this reason the Badger Lumber Company made said Land Company a party to the suit as being a possible owner of the note.   There is no evidence that the Badger Lumber Company knew, or had any means of knowing who did own or hold it other than the notice afforded by the recorded deed of trust which showed Hornaman to be the owner thereof.

The facts in the case are not disputed.   And the only objection made by plaintiffs to the defendant Lumber Company's judgment establishing its lien, is that neither Benjamin C. Redlon nor George Tuggle were made parties to the suit wherein that judgment was obtained.   They were the unknown and undisclosed assignees of the note secured by the deed of trust;   and, although the trustee and the beneficiary, the holder of the note *as disclosed by the record,* were made parties to the suit, yet plaintiffs say that as the real, though undisclosed, holder of the note was not a party, the judgment was void as to such assignee and consequently is void as to plaintiffs whose rights are derived from and through him.   The question, therefore, presented is: Does the failure to make the assignee of a note, secured by deed of trust, party to a mechanic's lien suit, render the judgment therein

void as to such assignee notwithstanding the fact that the lien claimant's right to claim a lien accrued prior to the giving of the deed of trust, and, the trustee and beneficiary, as disclosed by the record, were made parties, and there is nothing of record to show that any assignment of the note has been made, and the plaintiff in the mechanic's lien suit has no notice and does not know that an assignment has been made or to whom made?

So far as we have been able to ascertain, the precise question here presented has never been passed upon by the appellate courts of this State.

It will be observed that in this case the assignee and holder of the mortgage has foreclosed the equity of redemption, so that there is nothing upon which the Lumber Company's lien can operate if the judgment was void as to such unknown assignee. Without doubt, it is incumbent upon every lien claimant, suing to establish a mechanic's lien, to make the mortgagee a party to the suit if the claimant desires to bind the interest of the mortgagee. Aside from any statute, the ordinary principles of law would seem to require this. In addition thereto, section 8228, Revised Statutes 1909, of the Mechanic's Lien Law requires such suit to be brought in ninety days, and section 8221 provides that, in suits to establish such liens, all persons interested in the property charged with the lien may be parties, and, if they are not, they "shall not be bound thereby." Whatever may have been thought at one time concerning the meaning of this statute, it is now well established that, at least as to anyone having an interest in the property, the suit must be brought against him in ninety days, and, if not so brought, the lien is void as to him. And, of course, if he is not a party to the suit the judgment is a nullity as to him. [Russell v. Grant, 122 Mo. 161; Landau v. Cottrill, 159 Mo. 308.] And in this regard a mortgagee is to be regarded as interested in the property the same as the owner. [Riverside Lumber Co. v. Schafer, 251 Mo. 539. l. c. 552.] There would seem, then, to be no question but that if the lien claimant desires to bind the interest of the

mortgagee, the latter must be made a party within the ninety days and before judgment is obtained. And the lien claimant must do this without regard to whether the lien takes precedence over the mortgage or not, because the *validity* of his lien is not established until the judgment is rendered. And even though the mortgage, as in this case, be not given or recorded until after the materials were sold and furnished and the erection of the house was begun (which gives the lien precedence over the mortgage, Riverside Lumber Co. v. Schafer, 251 Mo. l. c. 548), still the mortgagee would have the right to question the validity of the lien claimed and for this purpose should be given his day in court. And although the mortgage note be assigned to another, still, *if the lien claimant have notice thereof,* undoubtedly he should make such assignee a party.

But, in this case, the lien claimant Lumber Company made the mortgagee, *as shown by the record,* a party, and there was nothing to indicate that the note had been assigned or, if assigned, to whom. And, as shown in the statement of facts, the note was so endorsed that it could in an instant be transferred from one to another by delivery.

The question, therefore, in this case, is, was the lien-claimant's judgment a nullity as to the unknown and undisclosed assignee of the mortgage note when all the parties to the mortgage, as shown by the record, and of which the lien claimant had any knowledge or notice, were made parties to the suit? And this, too, in a case where the mortgage was neither given nor recorded until after the lien claimant's rights had attached to the property? This last fact, we repeat, should make no difference in the necessity of making the assignee of the mortgage note party to the suit, *if* the claimant has notice, whether actual or constructive, of the assignment or of the fact that the assignee is interested in the property. But it may, perhaps, make some difference where the *record* mortgagee is made a party and the lien claimant has no notice of

the rights of any assignee of such mortgage. As between a lien claimant, who does not know and has no notice of an assignee's interest in the property, and such undisclosed assignee, the fact that the right to the lien attached before the mortgage was given ought to make some difference where the lien claimant has made the *mortgagee* a party. The lien claimant has done all he could do, and since the *security* to the mortgage note was affected by the right to a mechanic's lien when the mortgage was given, then, as between the lien claimant and the assignee, neither of whom has notice of the other's rights, it would seem that the right of the assignee should not prevail over the right of the lien claimant, at least in an equity suit such as this is. If the lien claimant has made all persons appearing to have any interest in the property parties to the suit by bringing in all those of which he has notice, and has no notice or knowledge of any others, then the undisclosed assignee should not complain of not having been made a party, since the *security* he took along with the note was one that, at the time the note was made, was affected by an existing lien-right, and as he has chosen to remain hidden and undisclosed, he is not equally innocent or upon the same level with the lien claimant. This does not trench upon the negotiability of the note since it only affects the security taken therewith.

The case of Riverside Lumber Co. v. Schafer, 251 Mo. 539, does not hold that priority of the lien would make no difference in a case like this one where the mortgagee was made a party and the lien claimant had no notice of any assignment of his note. In the Schafer case the mortgagee was *known*, since the mortgage was of record, and yet such mortgagee was not made a party. Of course, as to a known mortgagee or as to his assignee, of which assignment the lien claimant had notice, the question of priority or precedence of the lien over the mortgage would make no difference, since in either case the lien claimant must make the one

holding the mortgage a party so that he may contest the lien and preserve his rights.

In the case of Russell v. Grant, supra, the lien of the mortgage attached prior to the mechanic's right to a lien. Indeed, in that case the mortgage was a purchase money mortgage. In that case also, the mortgagee and his trustee were made parties at first but the lien claimant dismissed as to them before taking judgment, which was the same as if they had never been made parties. In other words, the mortgagee was known and yet was not a party to the judgment.

In Landau v. Cottrill, 159 Mo. 308, Howard, the original payee of the notes, and who was the record beneficiary in the deed of trust, was made a party while the assignees of the notes were not. The court held that the rights of the assignees were not affected by the judgment. But before doing so the court was careful to state that the assignees held the deed of trust when the hardware company began furnishing the materials for the building. In other words, the deed of trust had attached and so had the assignees' rights thereunder *before* the commencement of any right to a lien.

The same is true in the case of McLaren v. International Real Estate Co., 126 Mo. App. 254; and in Russell v. Grant, Judge SHERWOOD says (p. 177) that what he had said was in view of the fact that the lien of the mortgagee was prior to the lien of the mechanic. However, in that case, as the mortgagee's rights were a matter of record and he was not made a party to the suit, it would seem that the question of priority would have made no difference. In all of the cases which we have examined, the deed of trust took precedence over the lien of the mechanic, except in the case of Lumber Co. v. Schafer, but in that case, as stated, the mortgagee's rights were disclosed of record before the suit was brought and yet such mortgagee was not made a party.

It should be remembered that the statute in the lien law, which says persons interested in the property

194 M. A.—42

shall not be bound unless made parties, introduces no new elements governing the rights of persons having an interest in property. Of course, a person who is, or should be, known to have an interest in property must be made a party to a proceeding seeking to affect or dispose of that property. But, although one may be the *real* owner of a piece of land, yet if, by reason of not recording his deed, his grantor is left on the record as the *apparent* owner, he often loses his property, though not made a party, and though he himself has not, in a sense, had a day in court. Prior to 1909 the statute in reference to suits for back taxes merely requires suit to be brought against the owner of the property. Yet it was held that if the suit was brought against the record owner, in the absence of notice that some one else owned it, the judgment would be valid. [State ex rel. Hunt v. Sack, 79 Mo. 661; Payne v. Lott, 90 Mo. 676; Nolan v. Taylor, 131 Mo. 224; Hilton v. Smith, 134 Mo. 499.] So also in the case of suits on special tax bills, in which the statute requires the suit to be brought against the owner, it is held that this means the *record* owner in the absence of notice that some one else owns it. [Vance v. Corrigan, 78 Mo. 94.] So that, in the enforcement of other liens, the courts have construed the statutes governing such suits, and which require the "owner" to be sued, as meaning the owner as disclosed by the record, in the absence of notice to the contrary. And this was done at a time when there was nothing in the statute saying that the owner should be deemed to be the one appearing from the records to be such.

This policy seems to have been recognized by the Legislature in passing the amendment to the Mechanic's Lien Law, approved April 3, 1911. Section 8235b thereof (see Laws 1911, p. 315) says "all persons . . . having any rights in . . . said property to be affected . . . *as may be disclosed by the proper public records,* shall be made parties," etc. And "any person having any rights in . . . said property . . . whose rights are not *disclosed* at the time of

bringing said action *by the proper record*, shall be bound'' etc. It is true this Act is in reference to a suit where there are a number of liens and section 8235c says such equitable action shall not apply to instances in which there is only one mechanic's lien against the property but in any suit thereon the court shall determine the priorities between such mechanic's lien and any other lien or encumbrance and enforce the same accordingly. However, there is no reason why there should be any difference *as to who should be .made parties,* in a case where there are several liens or only one. And this Act shows the legislative realization of the fact that only those whose interests are disclosed by the record are necessary parties where there is no notice of their interests otherwise.

If plaintiffs are correct in their contention that the lien judgment is void as to them notwithstanding the circumstances of this case, then such a rule puts it in the power of the assignee of a mortgage, that in its inception was subsequent to a mechanic's lien-right, to entirely defeat such right as to the mortgagee by remaining hidden or by transferring the note to other undisclosed assignees so that the real note holder cannot be sued until the ninety days are up. The assignee of a note secured by deed of trust on real estate is a person interested in the property. All persons interested in the property must be made parties and suit must be brought against them in ninety days. Therefore, according to plaintiffs' contention, regardless of whether the lien claimant has notice of an assignment of the mortgage or not, he must at his peril ascertain whether it has been assigned or not, and must within the ninety days discover who the hidden assignee is and make him a party or he will lose his lien right as against such hidden assignee even though the assignee took a note the security for which was burdened with a lien-right at the time the deed of trust or mortgage was given.

We do not think the lien law should be given any such construction but that the same construction should

be placed on it as was placed on other statutes in relation to the enforcement of other liens and that the Legislature recognized this principle in the Act of 1911. We are also of the opinion that there is nothing in the cases decided by the Supreme Court and hereinbefore cited which hold contrary to the view herein taken.

It will be observed that plaintiffs make no contention that the lien is defective on any other ground than the one herein considered. We do not hold that, if plaintiffs could have pointed out any other invalidity in defendant's lien, they would not have been allowed to do so because of the judgment in defendant's favor. That question is not before us. We are merely holding that, under the circumstances disclosed, the lien claimant's judgment establishing its lien is not a nullity.

The judgment of the trial court is reversed. The other judges concur.