Dan TRUOG and Clyde Nichols, Incorporated,
Plaintiff,

v.

ELBEL CONSTRUCTION COMPANY,
Defendant,

Red Wing Concrete Construction, Incorporated, Defendant-Appellant,

·Arizona Savings and Loan Association and
Ray B. Lucas and Albert B. Colby,
Co-Receivers, Respondents.

No. 23851.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

Charles C. Shafer, Jr., Kansas City, for appellant.

James P. Tierney, Kansas City, for respondents.

HUNTER, Judge.

This is an appeal from a judgment of the Circuit Court of Jackson County dismissing appellant, Red Wing Concrete Construc- tion, Incorporated, (Red Wing) as a party defendant in a mechanic's lien action for failure to prosecute and assert liens by re- quired timely pleadings.

Because of the complex nature of the case a statement of background is helpful to an understanding of the issues involved. The original party was Dan Truog and Clyde Nichols, Incorporated, plaintiff, who filed mechanic's liens against certain properties being developed by the Elbel Construction Company (Elbel), and then filed this suit in equity to enforce its mechanic's lien as to the property here in question. Eventually the suit included scores of parties, lawyers, thousands of filed liens, petitions, cross pe- titions, answers, motions and pleadings.

Red Wing on October 16, 1959, filed over 100 liens against Elbel totaling approximate- ly $32,000. However, this appeal involves only lien No. 23717 in an amount of less than $15,000. On that same date Red Wing employed an attorney to prosecute the vari- ous liens. On January 15, 1960, this at- torney filed an application asking for an order joining Red Wing as a party defend- ant in this (and many other) case. On that same day the application was sustained by the trial court and Red Wing was made a party defendant.

Respondents, Arizona Savings and Loan Association and Ray B. Lucas and Albert B. Colby, co-receivers had foreclosed a deed of trust against certain Elbel properties in- cluding the lot in this case. It is the re- ceivers' contention in this (and all other Elbel actions) that its deed of trust had priority over all the mechanic's liens, and that the foreclosure eliminated any right of the lien claimants. As a result of settle- ments, dismissals, assignments and other dispositions the only remaining parties to the action were the Receivers and Red Wing.

The issue on this appeal is aptly delineated by the contentions of appellant and respond- ent. Appellant claims its application to be made a party defendant is the timely com- mencement of an action as required by Sec-

tion 429.310 RSMo 1959, V.A.M.S., to preserve its lien and that it was not necessary for it to file any other papers or pleadings. Respondent claims the application to be made a party defendant filed by Red Wing did not constitute a pleading or motion within the meaning of Section 429.310 but rather was no more than an entry of appearance not followed by a pleading in due course; that such application to become a party defendant did not commence an action to preserve a lien as required by Section 429.170 RSMo 1959, V.A.M.S.; that Red Wing lost any right it might have had for its failure to file any answer, cross-petition, or other pleading within six months after filing its lien; and that in any event Red Wing failed to prosecute its action to final judgment as required by Section 429.-170.[1]

■ Section 429.170 RSMo 1959, V.A.M.S., provides: "All actions under sections 429.010 to 429.340 shall be commenced within six months after filing the lien, and prosecuted without unnecessary delay to final judgment; and no lien shall continue to exist by virtue of the provisions of said sections, for more than six months after the lien shall be filed, unless within that time an action shall be instituted thereon, as herein prescribed." This Section makes it mandatory for a lien claimant to commence an action within six months after filing the lien, and to prosecute same without unnecessary delay to final judgment. Dierks & Sons' Lumber Co., v. McSorley, Mo.App., 289 S.W.2d 164.

But when and how is an action "commenced"? The answer lies in Section 429.-310, "Any answer, or other pleading, or motion, or entry of appearance followed by pleading in due course, filed or made in any such equitable action by any mechanic's lien claimant, within six months after the pre-

liminary statement for the lien of such claimant has been filed * * * shall be deemed a commencement of an action by such mechanic's lien claimant; * * *"

Specifically what Red Wing filed reads: "APPLICATION FOR ORDER OF THE COURT JOINING RED WING CONCRETE CONSTRUCTION, INCORPORATED AS A PARTY DEFENDANT.

"Comes now the petitioner, Red Wing Concrete Construction, Inc., a Missouri Corporation by it's attorney Rogers E. Hopper and shows the Court that it has filed Mechanic Lien No. 23717 in the office of Circuit Clerk of Jackson County at Kansas City on October 16, 1959: that on October 8, 1959, plaintiff filed it's suit in Equity to foreclose Mechanic Lien on said Lot 7, Block 5, Vineyard Hill East and has failed to join your petitioner.

"Wherefore, your petitioner prays the court to order your petitioner joined as Party Defendant."

■ Can the above application for an order of the court to make Red Wing a party defendant reasonably be construed to be an "answer, or other pleading, or motion, or entry of appearance followed by pleading in due course" as required by Section 429.310 to "commence" an action within six months after filing the lien? We think not. It is at most merely an application for Red Wing to be made a party defendant in the case. That was the sole purpose for which it was filed as apparent by its context. It fully served that purpose when the trial court acted on it and made Red Wing a party defendant. Red Wing then being a party defendant still had the duty by appropriate pleading as a party defendant to assert those facts necessary to entitle it to a valid lien and to the relief or judgment it seeks. Supreme Court Rule 55.06 V.A.M.R. provides,

1. We believe it necessary to explain that Red Wing's present counsel was not employed until December 12, 1962, and is in no manner responsible for any prior neglect or inattention to Red Wing's case. In fact present counsel immediately after

his employment obtained special leave to file an appeal out of time, and has with great ability and skill endeavored to rescue his client from the legal position in which he found it at the time of his employment.

"A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. * * *"

■ The "answer, or other pleading, or motion" mentioned in Section 429.310 clearly means an answer, pleading or motion filed by a party to the suit, and not some preliminary motion merely seeking an order to make one a party.

■ Any other view would be unreasonable and lead to countless difficulties. The only item on which Red Wing relies as its pleading which commenced its action is its application to be made a party defendant. If the Receivers had wanted to attack this document, which Red Wing contends is a sufficient statement of its lien claim and priority right to be the commencement of an action, could they have filed a motion to make more definite and certain (Supreme Court Rule 55.34) or to dismiss for failure to state a claim upon which relief may be granted (Supreme Court Rule 55.33) and thereby test its sufficiency as a pleading stating sufficient facts to entitle the pleader to relief—or differently stated, to show a cause of action by Red Wing? The answer is no, and this because Red Wing's application is not a pleading by a party to the case who is asserting therein its claim for relief entitling it to a judgment but is merely an application for an order to be a party to the suit.

■ As so well stated in Wiles-Chipman Lumber Co. v. Pieper, Mo.App., 176 S.W.2d 50, 53, " * * * in an equitable action * * * one of many claimants may bring the action and make all other claimants, as well as the contractor and owner, defendants. In such case the claimants, although designated as defendants by virtue of the statute stand in the position of plaintiffs in so far as their relation to the con-

tractor and owner are concerned; * * *." See, also, Richards Brick Co. v. Wright, 231 Mo.App. 946, 82 S.W.2d 274, 278. Certainly a claimant of a lien which is filed of record after the commencement by another of an equitable action to enforce a lien which may affect his lien rights must in some appropriate pleading therein timely assert his claim. See, State ex rel. Erbs v. Oliver, 361 Mo. 836, 237 S.W.2d 128; State ex rel. Great Lakes Steel Corp. v. Sartorius, 249 S.W.2d 853; Maas v. Dreckshage, Mo.App., 244 S.W.2d 397. We need not here decide just how specifically he should allege his claim and pray for relief, or what right he might have to amend his pleading in which he endeavored to assert his lien rights to make it more definite and certain. Here there is no pleading whatsoever by defendant after he became a party. Nor is there any pleading except one seeking an order to become a party. See, Dierks & Sons Lumber Company v. McSorley, Mo. App., 289 S.W.2d 164.

■ The inescapable conclusion is that under the facts before us appellant Red Wing has failed to comply with the mandatory requirements of Section 429.170 necessary to preserve its alleged lien and that any lien it may have had ceased to continue to exist beyond six months after it was filed because no action was instituted or commenced thereon as contemplated by the statute.

■ In so saying we have considered defendant's contention that Section 429.280 (2) RSMo 1959, V.A.M.S. gives a lien claimant whose rights are not disclosed at the time of the action the right upon application to be made a party at any time before final judgment and entitled to their rights in the proceeds without doing anything further. Section 429.280(2) must be read in the light of and harmonized with Sections 429.310 and 429.010, and as so viewed does not permit a lien claimant to be deemed to have commenced a timely action merely by the filing of an application to be made a party to an action without doing

anything further. We think the contention of defendant if accepted would in effect emasculate the meaning of Sections 429.101 and 429.310 and be contrary to the legislative intent expressed in the three sections when they are viewed as a related group.

Having reached the above expressed conclusions it is unnecessary to examine respondent's remaining contention to the effect that Red Wing failed to prosecute his action without unnecessary delay to final judgment.

We have considered respondent's motion to dismiss the appeal for alleged failure of appellant's brief to comply with the requirements of Supreme Court Rule 83.06, and have overruled it. The judgment is affirmed.

All concur.