Bill HINCHEY, d/b/a Bill's Drywall, Plaintiff,

v.

SENTINEL FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant,

and

Booth Asphalt Paving Company, Respondent.

No. 29733.

Missouri Court of Appeals, Western District.

June 29, 1979.

James M. Beck, Johnson, Lucas, Bush & Snapp, Kansas City, for appellant.

Howard E. Bodney, Kansas City, for respondent.

Before HIGGINS, Special Judge, Presiding, Swofford, C. J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Action to enforce mechanic's lien. Trial court entered summary judgment in favor of lien claimant.

In June, 1974, Suburban Development, Inc. owned properties in Platte County, Missouri, and was engaged in the construction of single family residences thereon. Sentinel Federal Savings & Loan Association of Kansas City ("Sentinel Federal") had made mortgage loans to Suburban Development, Inc. secured by deeds of trust of record against such properties. In October, November and December of 1974 mechanic's liens were filed by various subcontractors against the properties.

On October 28, 1974, Booth Asphalt Paving Company ("Booth") filed its mechanic's lien statements No. 74–50 through 74–54 in the office of the Clerk of the Circuit Court of Platte County, Missouri. On November 4, 1974, R. L. Sweet Lumber Company filed its mechanic's lien statements No. 74–56 through 74–59 in the office of the Clerk of the Circuit Court of Platte County, Missouri. On November 12, 1974, Bill Hinchey, d/b/a Bill's Drywall, filed its mechanic's lien statement No. 74.61 in the office of the Clerk of the Circuit Court of Platte County, Missouri.

On April 11, 1975, Bill Hinchey filed Platte County Circuit Court Case No. C–75–202 against defendants Suburban Development, Inc., Sentinel Federal and Arthur L. Reppert, Trustee, to enforce its mechanic's lien No. 74–61. On May 2, 1975, R. L. Sweet Lumber Company filed an equitable action to enforce mechanic's liens in the Circuit Court of Platte County, Missouri (Civil Action No. C–75–247) against defendants Suburban Development, Inc., Sentinel Federal, Arthur L. Reppert, Trustee, and six additional mechanic's lien claim defendants, including Booth.

Upon the motion of Hinchey, the pending Hinchey action to enforce its mechanic's lien and the R. L. Sweet Lumber Company equitable action to enforce mechanic's liens were consolidated into one action.

On November 5, 1975, Booth filed Answer and Cross-Petition in Case No. C–75–247 seeking to enforce its mechanic's liens. Sentinel Federal filed motions to dismiss the Booth Cross-Petition and to strike the answers of Booth pursuant to the provisions of Section 429.170, RSMo 1969, and Rule 55.13.

On May 18, 1977, Booth filed Separate Motion for Summary Judgment on its Cross-Petition to enforce its mechanic's liens.[1] In response, on July 8, 1977, Sentinel Federal filed its Cross-Motion for Summary Judgment in favor of defendants and against Booth on its Cross-Petition.

On July 21, 1977, the Court entered judgment granting Booth's motion for summary judgment and overruled all motions of Sentinel Federal for summary judgment against Booth and for dismissal of Booth's cross-petition.

Sentinel Federal filed Notice of Appeal to this Court on August 24, 1977.

In this court, appellant contends that the trial court erred in giving judgment in favor of respondent because respondent failed to commence any action to enforce its mechanic's liens within six months after filing

---

1. This motion marked the first appearance on behalf of Booth in the trial court of counsel for Booth who appeared in this court. Previously, Booth's claim had been handled by other counsel.

and that such failure extinguished such liens and was a complete and absolute bar to their enforcement.

Section 429.170, RSMo 1969, provides:

"All actions under sections 429.010 to 429.340 shall be commenced within six months after filing the lien, and prosecuted without unnecessary delay to final judgment; and no lien shall continue to exist by virtue of the provisions of said sections, for more than six months after the lien shall be filed, unless within that time an action shall be instituted thereon, as herein prescribed."

This section has consistently been applied to bar lien claims not filed within the time period there fixed. *Redlon v. Badger Lumber Co.*, 194 Mo.App. 650, 189 S.W. 589, 590[2] (1916); *Truog v. Elbel Construction Company*, 374 S.W.2d 612, 614[1] (Mo.App. 1963); *Frank Dusselier Basement Builders, Inc. v. Gwico Builders, Inc.*, 449 S.W.2d 865, 868[1–3] (Mo.App.1969). In this case Booth filed its liens on October 28, 1974. It took no action to enforce its liens until November 5, 1975, when it filed its answer and cross-petition in the *Sweet* case. This action occurred well beyond the six months' time after Booth filed its liens.

The trial court recognized that such delay had occurred but found in favor of Booth on the theory that Rule 101.14 precluded Booth "from filing a legal action to foreclose its liens within the time remaining to it under the statute." The court thus excused Booth's failure to take action to enforce its liens within the six months' period.

The trial court's conclusion cannot be supported. Rule 101.14 requires that, when an equitable action is brought to enforce a mechanic's lien, " * * * all other suits that may have been brought on any mechanic's lien claim or demand shall be stayed * * *." By its terms, the "stay" applies only to pending actions. Any action to enforce a lien thereafter must be in the equitable action. In this case, Sweet brought its equitable action on May 2, 1975. Booth had *filed* its lien but the six-month period of limitation upon action for its enforcement had expired at that time.

Rule 101.13 provides:

"After any such equitable action is commenced, the same shall be exclusive of other remedies for the enforcement of mechanics' liens, but until such action is brought, the other remedies provided for in Sections 429.010 to 429.340 of the Revised Statutes of Missouri shall remain and exist. And, except as herein otherwise provided, the procedure in any such equitable action shall be governed by these Rules."

There can be no question that, under this rule, the limitation provision of Section 429.170 had, prior to the filing of Sweet's equitable action, barred any further action by Booth to enforce its liens. The trial court's contrary conclusion was erroneous.

The judgment of the trial court is reversed and the cause remanded with directions to overrule Booth's motion for summary judgment and to sustain appellant's motion for summary judgment and to enter judgment in favor of appellant dismissing the mechanic's lien cross-petition of Booth, with prejudice.

Reversed and remanded with directions.

All concur.

**N.J.W., Appellant,**