**In the Matter of Norman Dale WETMORE and Shirley Mae Wetmore, Debtors.**

**USLIFE CREDIT CORPORATION, Plaintiff,**

v.

**Norman Dale WETMORE and Shirley Mae Wetmore, Defendants.**

**Bankruptcy No. 80–952.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Feb. 2, 1981.

Robert A. Young, Trakas & Young, P. A., Winter Haven, Fla., for plaintiff.

David Symington Smith, Anderson & Smith, Winter Haven, Fla., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW MEMORANDUM OF OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding and the question of nondischargeability, vel non, is presented for this Court's consideration by a complaint filed by USLife Credit Corporation (USLife). The claim of nondischargeability is based on § 523(a)(2)(B) and USLife seeks a determination that the sum of $3,456 is a nondischargeable debt and also seeks, in Count II, a judgment in said amount against Mr. and Mrs. Wetmore together with cost and attorney fees.

Norman Dale Wetmore and Shirley Mae Wetmore, the Defendants named in the action, are voluntary debtors under Chapter 7 filed their answer and also filed a motion seeking attorney fees pursuant to § 523(d) of the Bankruptcy Code. It is the contention of the Plaintiff that the financial statement submitted by the Defendants in connection with a loan obtained by the Defendants initially on November 18, 1978, was materially false, having failed to disclose certain obligations owed by them and also an alleged misstatement of values of certain of their assets.

The evidence presented at the Final Evidentiary Hearing is quite skimpy and reveals only the following:

On November 21, 1980, Mr. and Mrs. Wetmore applied for a loan with USLife, although it is not clear in what amount. On December 5, 1979, there remained an unpaid balance on the initial loan of $1,897. In connection with the original loan, the Defendants executed a document entitled "Statement For Purpose of Obtaining a Loan or Extension of Credit" (Pl's Exh. # 1). The Defendants did disclose on this statement that they were indebted to Emerald Equity and Miles Homes, both secured creditors who held a mortgage on the real property on which the Defendants' home was located. It further appears that they submitted an identical document in conjunction with the renewal of the original loan on December 5, 1979 (Pl's Exh. # 2) at which time they obtained additional fresh cash in the amount of $900. Neither Emerald Equity nor Miles Homes were listed on this statement as creditors of the Defendants. It appears, however, that the Defendants have sold one-half of their property in August of 1979 for $48,900 out of which amount they paid off the mortgage held by Miles Homes and paid half which was owed to Emerald Equity.

After the sale of half of their land, the Defendants purchased a mobile home and put the mobile home on the land. Although they still have some of their original furniture which they listed on Schedule A (Pl's Exh. # 3), submitted by them in connection with the original loan application, there is no doubt that the bulk of the listed furniture was disposed by them during the interim. It is equally without dispute that the furniture which is in the mobile home at this time came with the mobile home, and the security interest which encumbers the mobile home equally encumbers the furniture and appliances. The Plaintiff presented only the testimony of Mr. Wetmore and the testimony elicited fails to disclose or furnish any support whatsoever for the contention of any misstatement as to the value of the assets.

Considering the foregoing, it is evident that the Plaintiff has failed to establish with the requisite degree of proof that the statements submitted on December 5, 1979, were materially false; that USLife reasonably relied on the same in granting the renewal and the fresh cash; and the Debtors submitted the statement with the intent to deceive or defraud. Since none of the indispensable operating elements of the claim of non-dischargeability under § 523(a) (2)(B) have been established, the claim of non-dischargeability cannot be sustained.

While the Defendants sought the imposition of attorney fees pursuant to § 523(d), no facts have been presented which would justify in this case, the imposition of attorney fees. The cost of this proceeding shall be assessed against the Plaintiff, no judgment for attorney fees in their favor is warranted because there is no showing by the Defendants that the action brought by the Plaintiff was frivolous and was not brought in good faith. *Sen. Report 95–989, 95th Cong. 2d Sess. (1980) at 80, U.S.Code Cong. & Admin.News 1978 at 5787, 5865.*

A separate final judgment will be entered in accordance with the foregoing.