In re Edward R. COOK, SS # 555–28–194, and Eloise A. Cook, SS # 525–32–7246, Debtors.

Carl HARRINGTON, Plaintiff,

v.

Edward R. COOK, Defendant.

Bankruptcy No. 81–01299 M S. Adv. No. 82–0096.

United States Bankruptcy Court, D. New Mexico.

June 1, 1982.

Hartley B. Wess, Albuquerque, N. M., for plaintiff.

Mary E. Stewart, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on for hearing on plaintiff's complaint for a determination of dischargeability of debt. The facts are these: The defendant agreed to purchase a mini-motorhome from the plaintiff for the sum of $6,000.00. At the time of the agreement, the defendant paid plaintiff $1,500.00 and took possession of the mini-motorhome. Thereafter, the defendant called plaintiff and indicated that he needed title to the mini-motorhome to obtain a loan for the balance of the purchase price at the First National Bank of Rio Arriba. The defendant did in fact obtain such a loan, giving a first lien on the mini-motorhome to the bank. The plaintiff testified that he never in fact received the $4,500.00 balance on the mini-motorhome. The defendant testified that he paid plaintiff in cash. A state court suit was filed by plaintiff against the debtor. The First National Bank of Rio Arriba was joined as a defendant in that action which was prosecuted to judgment. Thereafter, the defendant filed a petition in bankruptcy. Plaintiff argues that this Court is bound by the doctrine of collateral estoppel from looking beyond the judgment of the state court in determining whether the defendant's debt to plaintiff is dischargeable. Defendant asserts that this Court may consider all relevant evidence and that it is not bound to adopt the finding of the state court.

### I. Collateral Estoppel

Both parties rely on the pronouncement of Mr. Justice Blackmun in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In that case, the Supreme Court ruled that a bankruptcy court is not barred by *res judicata* from hearing evidence on dischargeability in a case which resulted in a judgment against a debtor in a state court. The issue of collateral estoppel was specifically reserved in *Brown*. However, Mr. Justice Blackmun suggested that collateral estoppel might be appropriate when a bankruptcy court ascertained that the state court had actually and necessarily litigated all issues pertaining to dischargeability and had used standards identical to those required by the law of bankruptcy.

*Brown v. Felsen, Id.,* 442 U.S. at 139, n. 10, 99 S.Ct. at 2213, n. 10, 60 L.Ed.2d 776, n. 10. While the rationale of *Brown* pertained particularly to the Bankruptcy Act of 1898, this rationale logically extends to 11 U.S.C. § 523 (1978). *Seven Elves, Inc., v. Eskenazi (In re Eskenazi),* 3 C.B.C.2d 20, 6 B.C.D. 1140, 6 B.R. 366 (Bkrtcy. 9th Cir. 1980). Similarly, cases interpreting dischargeability requirements under the Bankruptcy Act of 1898 apply to the Bankruptcy Code. *In re Whitmore,* 7 B.R. 835 (Bkrtcy.N.D.Ga. 1980).

The leading case interpreting *Brown* is *Spilman v. Harley,* 656 F.2d 224 (6th Cir. 1981). That court made an exhaustive survey of the decisions which have come down for or against the applicability of the doctrine of collateral estoppel in various fact situations, and went on to make its own determination. The *Spilman* court required that for collateral estoppel to apply, the factual basis for the state court findings must be clear from the state court record and the standards used in the state court proceeding must clearly be the same as those required by the Bankruptcy Code. *Id.* at 229.

Other cases have gone on to suggest what must be contained in the state court record in order for a bankruptcy court to be able to ascertain the factual issues which were determined and the standards used. One of the most concise is *Cross v. Manitta (In re Manitta),* 1 B.R. 393 (Bkrtcy.C.D.Calif.1979), in which the judge acknowledged his practice of hearing dischargeability issues and then excepted the case before him because the judgment included detailed findings of fact. That exact listing of facts allowed the bankruptcy court to see exactly which issues had been determined and whether they would satisfy bankruptcy law standards.

The Court in *Lasseter v. Douglas (In re Douglas),* 5 B.C.D. 603 (N.D.Cal.1978), determined that collateral estoppel applies where the state court record is unambiguous, and where the judgment is supported by carefully drawn findings of fact on relevant issues. This allows the bankruptcy judge to determine whether the findings of fact satisfy every element of dischargeability under federal law. *Id.* at 605. The *Lasseter* court suggests that, in the alternative, the bankruptcy court might go to the transcript of the state court trial, or to oral testimony to determine whether the elements of nondischargeability under bankruptcy law were litigated in the state court.

■ In the case before this Court, the plaintiff introduced the complaint, the answer, and the state court judgment. The judgment is some one and one-half pages long, and as to dischargeability issues states only that the plaintiff was awarded punitive damages due to the willful and fraudulent conduct of the defendant. There is no finding of fact as to what that conduct was or what issues the state court addressed. This Court has not been provided with any other part of the state court record from which to determine the factual issues litigated or the standards used to reach conclusions of law.

Accordingly, this Court finds that the doctrine of collateral estoppel does not require this Court to adopt the state court's finding of willful and fraudulent conduct in the case before us.

## II. Dischargeability of the Defendant's Debt to Plaintiff

■ The plaintiff has a heavy burden under 11 U.S.C. § 523 to prove fraud on the part of the debtor. *Long v. Trewyn (In re Trewyn),* 12 B.R. 543 (Bkrtcy.W.D.Wis. 1981). Since the policy behind the Bankruptcy Code is to provide a debtor with a fresh start, the plaintiff must show by a degree of evidence that is clear and convincing that the debtor is not one of those to whom Congress wished to extend this fresh start. *Reliance Insurance Co. v. Liberati (In re Liberati),* 11 B.R. 54 (Bkrtcy.E. D.Pa.1981). Having disposed of plaintiff's contention that we adopt the state court judgment through collateral estoppel, we must turn to other evidence offered by plaintiff at the hearing before this Court. The plaintiff offered little evidence outside the state court pleadings and judgment. No evidence was introduced which could be

construed to show that the debtor intended to defraud plaintiff when he obtained title to the mini-motorhome. Plaintiff has failed to meet his burden of proof and the debt should be discharged.

### III. Attorney Fees

 The creditor's reliance on the state court findings of willful and fraudulent conduct in bringing this matter would render the awarding of attorney fees to the defendant clearly inequitable. *In re Fulwiler*, 624 F.2d 908 (9th Cir. 1980); *U. S. Life Credit v. Wetmore (In re Wetmore)*, 8 B.R. 629 (Bkrtcy.M.D.Fla.1981). Accordingly, this Court denies defendant's prayer for attorney fees.

An appropriate order shall enter.