**SEAFIRST MORTGAGE CORPORATION, Appellant (Defendant),**

v.

**SPECIALTY CONCRETE CONSTRUCTION, a partnership, Appellee (Plaintiff).**

No. 85–104.

Supreme Court of Wyoming.

Nov. 18, 1985.

Barry G. Williams, Williams, Porter, Day & Neville, P.C., Casper, signed the briefs and appeared in oral argument on behalf of appellant.

Peggy Taylor Pfau, Daly, Maycock, Anderson and Taylor, Gillette, signed the brief on behalf of appellee. Appellee submitted the case upon its brief.

Before THOMAS, C.J., and ROSE,* ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellee, plaintiff below, performed work on property located in Campbell County, Wyoming under contract with Earl D. Manous and Shirley J. Manous. The work was completed on October 10, 1983. Having not received payment for said work, appellee filed a mechanic's and materialman's lien on January 31, 1984. A civil action was commenced and the lien was reduced to judgment on July 11, 1984.

Appellant, Seafirst Mortgage Corporation, the successor in interest to a mortgage dated November 30, 1983 on the same property, was never given notice of the lien, nor was it joined in the civil action. Prior to a sale of the property by appellee to enforce the judgment, appellee brought this action seeking a declaratory judgment that appellee's mechanic's lien was prior to the interest of appellant, and seeking to enforce said lien by foreclosure free and clear of any interest of appellant. Appellee moved for summary judgment and appellant filed a motion to dismiss; the case was argued to the district court as a matter of law.

The district court, in granting summary judgment to appellee, found that appellee's lien has priority over appellant's mortgage as a matter of law, and that appellant "should not be able to avail itself of the statute of limitations defense at this time, as it was not available to the original defendants, Manous' in the foregoing action." The court also held that appellee "shall be able to foreclose its lien, free and clear on any interest of Seafirst."

Appellant words the issues on appeal: "A. WHETHER OR NOT THE TRIAL COURT ERRED IN ITS FINDING THAT THE APPELLEE'S ACTION IN THE LOWER COURT WAS NOT BARRED BY THE STATUTE OF LIMITATIONS RELATING TO MECHANIC'S AND MATERIALMAN'S LIENS AND SPECIFICALLY THE FINDING THAT THE APPELLANT COULD NOT AVAIL ITSELF OF THE STATUTE OF LIMITATIONS AS IT WAS NOT AVAILABLE TO THE OWNERS OF THE PROPERTY IN A PREVIOUS ACTION?

"B. WHETHER OR NOT THE TRIAL COURT ERRED IN RULING THAT THE APPELLEE COULD FORECLOSE ITS MECHANIC'S LIEN FREE AND CLEAR OF ANY INTEREST OF THE MORTGAGE OF THE APPELLANT?"

We reverse.

Section 29–2–109, W.S.1977,[1] provides for a statute of limitations pertinent to

---

* Retired November 1, 1985.

1. Section 29–2–109, provides:

"All actions to foreclose or enforce a lien under this chapter shall be commenced within one hundred eighty (180) days after the

mechanic's and materialman's liens. All such actions must be commenced within 180 days after filing of the lien statement. It is undisputed in this case that a suit was commenced within 180 days against the owners of the property, but not against the mortgage interest holder, i.e., appellant.

■ The general rule is that failure to join a mortgage interest holder in a lien foreclosure action is not fatal to such action, but that if not joined, the mortgage interest holder's interests are not affected by such action.

"In the absence of a statute declaring otherwise, mortgagees, holders of deeds of trust, and other encumbrancers, whether prior or subsequent to the mechanic's lien, are proper, but not necessary, parties to the action to enforce or foreclose such lien. The plaintiff's failure to join such parties is not fatal to his action, but the result is that the rights of such persons acquired prior to the commencement of the foreclosure suit are not affected by the proceedings. * * * *" 53 Am.Jur.2d Mechanics' Liens, § 364, p. 889.

■ In this case, the trial court held that the statute of limitations was not available to appellant, the mortgage interest holder, inasmuch as it was not available to the original defendants. We fail to see the relevancy of the availability or nonavailability to the original defendants. The statute clearly states that no lien shall continue to exist except by virtue of the provisions of this chapter for more than 180 days after the lien is filed, absent an action to foreclose. No action was brought within 180 days to foreclose the interest of appellant, and thus the lien cannot affect appellant's interest.

Although *Peters v. Dona,* 49 Wyo. 306, 54 P.2d 817 (1936), involved a lien action against property held by tenants by the entireties, the language is pertinent to this case. We there said, quoting from *Hiller*

*v. Schulte,* 184 Mo.App. 42, 167 S.W. 461, 462:

" ' * * * And it is well settled that, where parties are thus brought in by an amendment, the suit as to them is begun at the time of such amendment making them parties. The amended petition as to them is the filing of a new suit. And as an action to enforce a mechanic's lien must be brought within 90 days after the filing of the lien, after the lapse of that time new parties cannot be brought in by amendment and be thus affected by the proceeding' (citing many cases and authorities)." 54 P.2d at 822–823.

And quoting from *Redlon v. Badger Lumber Co.,* 194 Mo.App. 650, 189 S.W. 589, 590, we there said:

" 'Without doubt, it is incumbent upon every lien claimant, suing to establish a mechanic's lien, to make the mortgagee a party to the suit if the claimant desires to bind the interest of the mortgagee. Aside from any statute, the ordinary principles of law would seem to require this. * * * There would seem, then, to be no question but that, if the lien claimant desires to bind the interest of the mortgagee, the latter must be made a party within the 90 days and before judgment is obtained. * * * *' " 54 P.2d at 823.

We there also quoted from 40 C.J. 394:

" 'Where the owner or an encumbrancer or other person acquiring an interest in the property which cannot be affected by the foreclosure proceeding in his absence from the record is originally omitted and thereafter brought in by amendment, the statutory bar will operate in his favor if the period expired before the date of the amendment because as to him the suit is commenced at the date of the amendment making him a party.' " 54 P.2d at 823.

Because of our holding that appellee's lien is not prior to and has no effect on appellant's mortgage interest, we need not

filing of the lien statement. No lien shall continue to exist except by virtue of the provisions of this chapter for more than one hundred eighty (180) days after the lien is filed unless an action to foreclose the lien is instituted."

address appellant's second issue; clearly appellee cannot foreclose its interest free and clear of appellant's interest.

Reversed.