In re Barbara Jean DALLAM, Debtor.

**LAWYERS TITLE INSURANCE CORPORATION, Plaintiff/Appellant,**

v.

**Barbara Jean DALLAM, Defendant/Appellee.**

No. 86–2158C(6).
Bankruptcy No. 85–00267(1).

United States District Court, E.D. Missouri, E.D.

April 3, 1987.

---

Chester A. Love, Sheldon D. Grand and Burton Newman, Love, Lacks, McMahon & Paule, St. Louis, Mo., for Lawyers Title Ins. Corp.

W. Morris Taylor and J.M. Willemin, Jr., St. Louis, Mo., for Barbara Jean Dallam.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court by appeal from an order of Bankruptcy Court Judge Robert E. Brauer denying the dischargeability of certain debts of the debtor-appellee Barbara Jean Dallam (debtor). Jurisdiction over this appeal is by virtue of 28 U.S.C. § 158 (Supp.1986).

At issue is whether the Bankruptcy Court erred in: 1) misinterpreting the liability which the debtor incurred in signing an owners and contractor's affidavit pertaining to certain property averred to be free of encumbrance; and 2) refusing to admit certain evidence on the ground of inadmissible hearsay.

The order of the Bankruptcy Court is affirmed.

The appellant is Lawyers Title Insurance Corporation (Lawyers Title), the insurer of certain real estate found to be the subject of outstanding encumbrances. The appellee-debtor is Barbara Jean Dallam, the

bankrupt whose debts, including those alleged to have arisen out of the action later described, were ruled to have been discharged in bankruptcy.

On October 23, 1984, the debtor executed an owners and contractor's affidavit on behalf of Dallam Construction Company stating that certain property in St. Louis County, Missouri was unfettered by debt, liens or lien claim entitlement. The purpose of the affidavit was to promote a loan on the property and to induce Lawyers Title to issue a policy of title insurance on the property, which it did, relying on the affidavit.

The property was later found to be subject to certain debts, and between February 8, 1985 and March 20, 1985, Lawyers Title, as insurer, was required to pay claims totaling $70,261.82 to 15 separate lien claimants. It is this amount which Lawyers Title seeks to recover from the debtor.

On February 15, 1985 debtor filed for Chapter 7 bankruptcy. The Bankruptcy Court adjudged her as bankrupt, ruling that Lawyers Title's claim against her was thereby discharged.

Lawyers Title contends that the debtor knew that the outstanding debts existed on the property at the time she signed the affidavit of no debt. Consequently, so it is urged by Lawyers Title, the debtor is guilty of fraudulent misrepresentation, and, hence, the debts are non-dischargeable in bankruptcy under 11 U.S.C. § 523 (Supp. 1986). The Bankruptcy Court found otherwise, specifically finding that the elements of fraud had not been proven.

In support of its charge of fraud against the debtor, Lawyers Title submitted documents as evidence of mechanics' liens existing against the property. The Bankruptcy Court rejected these documents as being inadmissible hearsay and not falling within the business record exception to hearsay. Rule 803(6), Fed.R.Evid.

■ On appeal, Title Insurance first asserts that the Bankruptcy Court erred in finding that the debtor did not commit fraud by her signing of the clear title affidavit. Title 11 U.S.C.A. § 523(a)(2)(B) lists the elements of fraud that must be proven before a debt becomes non-dischargeable due to fraud, and courts have developed a five-part test for determining non-dischargeability based upon the statute. To establish fraud, a creditor must show that (1) the debtor made the representations, (2) the debtor at the time knew they were false, (3) the debtor made them with the intention and purpose of deceiving the creditor, (4) the creditor relied upon the representations, and (5) the creditor sustained damages as the proximate result of the representations having been made. All elements must be proven to establish fraud. *See In re Boyer,* 62 B.R. 648 (Bankr.D. Mont.1986) (a creditor in a case involving 11 U.S.C.A. § 523(a)(2)(A) must prove each element to sustain a finding of non-dischargeability under the statute). Whether fraud is established is a matter of fact that must be proven by clear and convincing evidence. *See In re Cook,* 21 B.R. 112 (Bankr.D.N.Mex.1982) (creditor has a heavy burden to prove fraud on the part of the debtor and must show by clear and convincing evidence that debtor is not protected by Congressional intent through the bankruptcy statutes). In this case there were no liens against the property when debtor signed the affidavit. Thus, to prove fraudulent misrepresentation, Lawyers Title has the burden of convincing the Bankruptcy Court that it reasonably relied upon the statement that there were no outstanding debts against the property in issuing its title insurance policy. Lawyers Title was required to demonstrate that it knew of the no debt representation, that it relied on the representation and that such reliance was reasonable. *See In re Lamb,* 28 B.R. 462 (Bankr.W.D.La.1983) (the sole fact debtor lied about his debts on a credit application was insufficient to establish fraud, as the creditor did not show it had reasonably relied solely on this misrepresentation in deciding whether to issue credit). The Bankruptcy Court held that Lawyers Title did not rely on the portion of the affidavit representing that all who had furnished labor, services or materials had been paid in full but relied only on the section of the

affidavit stating that there were no liens against the property.

■ This Court has a limited scope of review of Bankruptcy Court decisions and can overturn matters of fact decided in a bankruptcy court only if the decision was clearly erroneous. *Clarkson v. Cooke Sales & Service Co.,* 767 F.2d 417 (8th Cir.1985); *In re Osborne,* 42 B.R. 988 (W.D.Wis.1984); Fed.R.Bankr. 8013. Based on the record, this Court cannot state that the factual findings of the Bankruptcy Court were clearly erroneous. Lawyers Title would not incur any liability for any debts until liens were filed, and it is reasonable to conclude that its reliance was only on that portion of the affidavit imposing liability.

■ Lawyers Title's second argument that the Bankruptcy Court erred in refusing to consider certain evidence is also without merit. The Bankruptcy Court held that documents offered to prove the existence of mechanics' liens were inadmissible hearsay and did not fall within the business records exception to hearsay under Rule 803(6), Fed.R.Evid. A reviewing court may test a trial court's decision to admit or exclude business records as evidence only to determine if the court abused its discretion in making its decision. *See United States v. Peters,* 791 F.2d 1270 (7th Cir. 1986) (the admissibility of business records is entrusted to the broad discretion of the trial court, and a reviewing court cannot overrule the trial court's decision absent evidence of an abuse of discretion); *United States v. Croft,* 750 F.2d 1354 (7th Cir. 1984).

The basis for the Bankruptcy Court's decision to disallow certain evidence as a business record exception to the hearsay rule is documented in the Memorandum Opinion of the Court. Judge Brauer examined the evidence and determined that the collection of liens issued against debtor was not within the normal course of business of Lawyers Title. The Bankruptcy Court held that the evidence lacked the essential element of trustworthiness necessary to admit evidence under the business record exception to hearsay. These determinations were based upon evidence introduced at the hearing and clearly were within the judge's discretion. This Court finds the Bankruptcy Court did not abuse its discretion in refusing to admit the evidence.

■ Had the evidence been allowed under Rule 803(6), Fed.R.Evid. as an exception to the rule against hearsay, it was nonetheless insufficient to establish the existence of liens that would support the contention that there were valid liens against the property at the time creditors' debts were paid. The evidence did not adequately show that the creditors complied with Missouri statutory requirements for issuing liens, and therefore any liens Lawyers Title paid to remove were invalid and imposed no actual liability upon it.

Missouri law sets forth specific requirements which must be met before a valid mechanic's lien is instituted. First, any person filing a mechanic's lien must do so within six months of the time the debt was incurred. Mo.Rev.Stat. § 429.080. *See J.R. Meade Co. v. Forward Construction Co.,* 526 S.W.2d 21 (Mo.Ct.App.1975) (a lien filed beyond the six month period allowed for filing was invalid). Prior to filing a lien, the person seeking damages must give ten days notice of the filing to the owner against whom he has a claim. Mo.Rev. Stat. § 429.100. *See Rufkahr Construction Co. v. Weber,* 658 S.W.2d 489 (Mo.Ct. App.1983) (decision that hearsay testimony offered to establish ten-day notice was given to debtor was insufficient to establish proper service and therefore a valid lien); *Structo Corp. v. Leverage Investment Enterprises, Ltd.,* 613 S.W.2d 197 (Mo.Ct.App. 1981) (an essential element of a mechanic's lien remedy is that notice of the claim be given to the owner to be charged). Finally, within six months after filing the lien all actions must begin. Mo.Rev.Stat. § 429.-170. *See Hinchey v. Sentinel Federal Savings & Loan Ass'n,* 584 S.W.2d 146 (Mo.Ct.App.1979) (a party must commence any action to enforce a mechanic's lien within six months after filing the lien, and failure to do so is a bar to any claim).

Unless each of these requirements is met by debtor's creditors, no valid liens existed, and Lawyers Title did not prove that it had the duty or obligation to pay debts owed. The lien notice requirement fails of proof, and without proper notice there were no valid liens issued against debtor. Thus, Lawyers Title's claim that it paid on valid liens is not supported by the evidence.

The findings of the Bankruptcy Court are affirmed.