BADGER LUMBER & COAL COMPANY, APPELLANT, v. A. F. ROBERTSON ET AL., RESPONDENTS.*

Kansas City Court of Appeals. June 27, 1927.

212

*Corpus Juris-Cyc. References: Mechanics' Liens, 40CJ, section 511, p. 376, n. 4.

*Morrison, Nugent, Wylder & Berger* and *H. L. Hassley* for appellant.

*Paul R. Stinson* and *Rosenberger, McVey & Freet* for respondents.

WILLIAMS, C.—On March 22, 1924, The Badger Lumber Company, plaintiff herein, in its petition alleged the furnishing of materials to defendant Robertson, who was a contractor. This material was used in the construction of a dwelling house located upon the lot in Kansas City, Missouri, owned by defendant Seth P. Aber. Payment not having been made, plaintiff within four months after the account accrued, filed its mechanic lien in the office of the clerk of the circuit court of Jackson county, Missouri, at Kansas City, and prior thereto having served the required ten days' notice upon the owner. Within ninety days plaintiff filed its petition in equity for the adjudication of all liens upon the real estate. Other liens had been filed or were of record and all were made parties. The May term, 1924, was the return term. The lien claimants who were made parties filed answer and cross-petition setting up and seeking to enforce their respective liens. Seth P. Aber who had been succeeded as owner by Grace Crooks, filed general denial as did Grace Crooks. The Rieger-Moore Realty Company, beneficiary in a first deed of trust, filed its answer setting up its interest under the deed of trust and further denied generally the allegations of plaintiff's petition.

In September term, 1924, Arthur E. Price asked to be made party defendant which was accordingly done. In the separate answer of Arthur E. Price, he alleged that he was the purchaser of the note secured by a second deed of trust which appeared upon the second, as C. A. Beal being the beneficiary. Price further alleged that his lien was prior to all other liens, except the lien of the first deed of trust. During the May term, 1925, of said court, defendant Price filed an amended answer and cross-petition which was practically the same as his original answer except in the amended answer, he alleged

that prior to the filing of plaintiff's petition herein, and on the 21st day of December, the defendant, Long-Bell Lumber Company had filed its petition against defendant Robertson, and against defendants Aber, Rieger-Moore Realty Co., C. A. Beal, Bulger-Woolf Cement Co., and Independence Stove & Furnace Co.

It is further asserted in said answer that the Long-Bell Lumber Company's suit was a suit in equity, and was brought for the purpose of establishing and determining the rights and priorities of the parties. Price in his amended answer further prayed the court to dismiss plaintiff's petition.

A reply was filed denying generally the allegations of new matter contained in the answer.

On June 16, 1925, and during the May term of said court, defendant Rieger-Moore Realty Company, filed its answer alleging the prior suit of the defendant, Long-Bell Lumber Co.

It appears that on December 21, 1920, the Long-Bell Lumber Company filed its suit making the contractor, owner, and holders of liens of second parties. Long-Bell Lumber Company's suit and plaintiff's suit were assigned to Division No. 9 for trial. Prior to the trial of the Long-Bell Lumber Company suit plaintiff herein filed its motion to consolidate the suits. The record does not show any ruling upon this motion.

A trial was had on plaintiff's petition and upon the pleadings and evidence, and the trial court held it had no jurisdiction of the cause or of the defendants, except A. F. Robertson, the contractor, against whom a money judgment was rendered. Judgment was entered dismissing the suit as to the other defendants and no lien was allowed. From this judgment and decree plaintiff has, in due time and in proper manner, brought the case here on appeal.

The one question presented involves a construction of sections 7240 et seq., Revised Statutes 1919. In the said sections it is provided that all of the rights may be "adjudicated, determined and enforced in one action which may be brought by any lien claimant, or by the owner or lessee of the property or by the mortgagee or holder of any other encumbrance thereon."

Section 7241 provides in substance that all parties having an interest "as may be disclosed by the proper public records may be joined as plaintiff or as defendants." And provides that parties interested may be asked to be made parties.

Section 7243 provides that after the institution of the equitable action no separate suit shall be brought, but the rights of all persons shall be adjusted, adjudicated and enforced in such equitable suit.

Section 7246 provides that after such equitable action is commenced same shall be exclusive of other remedies.

It is contended by appellant that in the construction of the above suits, the words "separate suit" means only a separate suit by law and does not mean a separate suit in equity.

Doubtless these sections were passed to prevent each person holding a mechanics lien from filing a separate suit. It would be an unnecessary hardship, upon the owner of the property, to have to defend many suits. Was not the purpose to prevent the very thing that appellant now seeks to do? If we should hold that irrespective of the prior equity suit plaintiff herein could bring an action at law, then of course, all other claimants could bring the same sort of action and the beneficient purpose of the statute be set at naught. It cannot be contended that a suit at law is less burdensome than a suit in equity. We hold therefore that the words "separate suit" means any "separate suit" and is not limited in its meaning to suits at law.

It is contended that the court having jurisdiction of the subject-matter that the filing of the original answers gave the court jurisdiction of the person. That however, goes back to the original question as to the meaning of section 7246, when it provides that when such equitable action is commenced the same shall be exclusive. We do not see how we can give effect to that statute and at the same time hold that by the filing of an answer jurisdiction is conferred. This statute was passed for the good of all claimants and owners as well. It would destroy the effect of the statute to hold that a filing of an answer would set at naught the positive provisions of the legislative enactment.

The power of the Legislature to enact these sections is not questioned.

As to the illustration given in the brief of appellant, if our view of the statute is correct, all would join in the suit by the owner and if a settlement with some claimants is effected, the suit will proceed as to the others. No hardship would result from such a course.

We are not called upon to discuss the effect of a dismissal of the first equity suit filed as no such question is presented in this record.

It is suggested that the first suit filed was not an equity suit. However, the lien of plaintiff is pleaded, the deeds of trust are pleaded and the allegation of superiority of plaintiff's lien is made and a full adjudication of all liens is asked. We think this petition is a suit in equity within the meaning of the statute.

The cases cited by appellant holding that jurisdiction of the person can be conferred are not in point in the view we take of the statute. Nor is the general jurisdiction of courts of equity material to a decision in this case as we think the statute is conclusive.

Judgment affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court, *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.