249 S.W.2d 853 (1952)
STATE ex rel. GREAT LAKES STEEL CORP.
v.
SARTORIUS.
No. 43019.
Supreme Court of Missouri, en Banc.
June 9, 1952.
Kahn and Kahn, Max Kahn, Kenneth F. Kahn, Detroit, Mich., Behrendt, Shockley & Searing, August F. Behrendt, Percy A. Shockley, Kansas City, Mo., of counsel, for relator, Great Lakes Steel Corp.
William J. Becker, Clayton, Leo F. Laughren, St. Louis, for respondent.
TIPTON, Judge.
This is an original action in prohibition to prohibit the respondent from proceeding to try an equity action filed in the circuit court of the city of St. Louis on June 5, 1951, styled Kay Hansen and Hansen Construction Company v. Great Lakes Steel Corporation and H. B. Deal & Co., Inc.
It is the contention of relator that as it had previously filed an equitable mechanic's lien suit in the circuit court of Jackson County against the Hansen Construction Company, an Illinois corporation, Van Brunt Boulevard Homes, Inc., H. B. Deal & Co., a Missouri corporation, Richard S. Richter, trustee for New York Life Insurance Company, a New York corporation, New York Life Insurance Company and the Central Surety and Insurance Corporation, a Missouri corporation, that respondent does not have jurisdiction to try the case filed by plaintiffs. This equitable mechanic's lien action was filed on December 2, 1950.
On the other hand, the respondent in the prohibition action contends that the plaintiffs in the case pending before him are not seeking a lien but are seeking damages growing out of a breach of contract that plaintiffs had with relator. The subject matter of the suit pending before respondent and the subject matter of the equitable mechanic's lien suit pending in Jackson County grew out of the same transactions.
The facts out of which the transactions grew are as follows: The Van Brunt Boulevard Homes, Inc., is the owner of a certain tract of land located in Kansas City, Missouri. It entered into a contract with H. B. Deal & Co., Inc., as general contractor, for the erection and building of a 48 unit multiple apartment on this tract of land. Thereafter, H. B. Deal & Co., Inc., as general contractor, entered into a sub-contract with Hansen Construction Company and Kay Hansen, a resident of Illinois and an officer of that corporation, for the supplying and erecting of all of the stran-steel required in the housing project. Later, the Hansen Construction Company entered into a contract with relator for the purchase of the stran-steel, pursuant to which all of the stran-steel was sold and delivered to Hansen Construction Company.
The relator's invoices for the stransteel totaled $133,690.89 on which $102,891.94 was paid by H. B. Deal & Co., Inc., *854 for the account of Hansen Construction Co., by three checks payable to Hansen Construction Co. and relator. These checks were endorsed by Hansen Construction Co. to relator.
In the case before the respondent, the plaintiffs' petition alleges that relator entered into a contract with plaintiffs; that relator breached the terms of its contract, and that the plaintiffs suffered damages as a result thereof; and that by virtue of the alleged breach of contract on the part of relator the plaintiffs below were unable to fulfill the terms of another contract with H. B. Deal & Co., Inc., out of which a claim has arisen and has been asserted by the defendant H. B. Deal & Co., Inc., against the plaintiffs. The petition also alleges that the claim cannot be adjudicated without full adjudication of the claim of plaintiffs against relator. The prayer of the petition is for equitable relief and damages against relator and for a full adjudication of the claim of the defendant H. B. Deal & Co., Inc.
The relator filed a motion to dismiss the plaintiffs' petition for the reason it was filed subsequent to the filing of relator's equitable mechanic's lien suit in the circuit court of Jackson County, but it was overruled by respondent.
The respondent in his brief frankly admits that if the suit pending before him were for the enforcement of a mechanic's lien or claim against the property involved it should have been dismissed because it was filed subsequent to the relator's mechanic's lien suit, but respondent asserts that the action before him is "not brought upon any mechanic's lien or claim against the particular property involved or any of it, and the provisions in Section 429.300, RSMo 1949, V.A.M.S., providing that the rights of all persons shall be adjusted, adjudicated and enforced in such equitable suit refers back to the matters mentioned in the sentence, namely, a mechanic's lien or claim against said property or any of it."
Section 429.300, supra, reads:
"The equitable action above provided for shall be brought in the proper court of record regardless of the amount claimed by the plaintiff or plaintiffs in such action, and all other suits that may have been brought on any mechanic's lien claim or demand shall be stayed and no further prosecuted, and the parties in any such other suit shall be made parties to such equitable action as in the foregoing sections provided, and any costs rightfully accrued in behalf of any lien claimant in any such other action shall be and become a part of the lien claim of such party. After the institution of such equitable action no separate suit shall be brought upon any mechanic's lien or claim against said property, or any of it, but the rights of all persons shall be adjusted, adjudicated and enforced in such equitable suit."
In the case of Richards Brick Co. v. Wright, 231 Mo.App. 946, 82 S.W.2d 274, 281, the St. Louis Court of Appeals held that after an equitable mechanic's lien suit was filed, a subsequent mechanic's lien suit was properly dismissed by the trial court. The plaintiff in that case contended that even though he could not maintain the lien action, yet he was entitled to a personal judgment against the defendant. In overruling that contention, that court said:
"But we do not believe that this rule is of avail to plaintiff in the present case. The lien prayed for is but incidental to the money judgment prayed for, in that the lien claimant must have either a money judgment or a finding of an indebtedness to support the adjudication of his lien. In other words, a mechanic's lien suit or action must necessarily always involve both elements. Now it is well enough to say that where the lien claimant is entitled to bring and prosecute his suit, he may recover his personal judgment, if on personal service, notwithstanding the fact that for technical reasons he may fail in the enforcement of his lien against the property. But here section 3183 provides that after an equitable mechanic's lien suit of the character of the Boeckeler *855 Lumber Company suit is instituted, no separate suit shall be brought upon any mechanic's lien or claim against the property. Consequently plaintiff had no right even to bring its suit which necessarily involved the indebtedness of defendant Wright as an element thereof; and with the very bringing of the suit prohibited, plaintiff is not to be permitted to abandon such of its features as make it distinctly a mechanic's lien suit, and thereafter prosecute it as an ordinary action at law upon an account, regardless of its right to institute an action properly designed for that single purpose." (Italics ours.)
In the case of Macklind Inv. Co. v. Ferry, 341 Mo. 493, 108 S.W.2d 21, we held that, where an equitable mechanic's lien suit had been commenced by a corporation and a noteholder had been served by publication and designated as one of the unknown holders of notes secured by trust deeds, and the noteholder did not seek redress in the mechanic's lien case but filed an injunction suit to enjoin the sale of the property under a mechanic's lien judgment on the ground that the corporate plaintiff had been dissolved, the plaintiff, the noteholder, was not entitled to maintain the injunction action because the statute made it mandatory to seek relief in the mechanic's lien case.
Again, in our recent case of State ex rel. Erbs v. Oliver, 361 Mo. 836, 237 S.W. 2d 128, loc. cit. 132, we said:
"We agree with the rulings in Mansfield Lumber Co. v. Johnson, Mo.App., 91 S.W.2d 239, loc. cit. 242 and ImseSchilling Sash & Door Co. v. Kellems, 237 Mo.App. 960, 179 S.W.2d 910, loc. cit. 915 that, because of the prohibition against any later separate suit in Sec. 3573, R.S.1949, § 429.300, [V.A. M.S.], no petition filed after an equitable action has been brought can amount to commencing a separate suit, and that no service of process therein can have any force or effect."
As previously stated, the transactions that gave rise to the suit pending before the respondent are the same transactions between the same parties that are involved in the equitable mechanic's lien suit filed in Jackson County circuit court. Under the authorities above cited, the action pending before appellant is a nullity and respondent does not have jurisdiction to hear the case pending before him. All the claims in that case can be determined in the equitable mechanic's lien suit.
Respondent states that the plaintiffs were not summoned in the mechanic's lien suit. In relator's reply to respondent's return he states that plaintiffs who are residents of Illinois were served with a proper order of publication and filed an exhibit in this court with the reply showing service by publication. Even if they were not served in the mechanic's lien suit, that would not give them grounds to maintain their action before respondent because that action was filed after the mechanic's lien suit was commenced. A suit is commenced when the petition is filed. There is nothing in the record that would suggest that the relator requested that summons be withheld.
This issue was decided by the St. Louis Court of Appeals in the case of Richards Brick Co. v. Wright, supra, 82 S.W.2d loc. cit. 280:
"As in the case of actions generally, a suit or action to enforce a mechanic's lien is deemed to have been commenced when the petition is filed, unless the issuance of summons in regular course is ordered withheld at the direction of the plaintiff (Matthews v. Stephenson, 172 Mo.App. 220, 157 S.W. 887; Henry Evers. Mfg. Co. v. Grant, Mo.App., 284 S.W. 525); and this is so even though summons is not actually issued by the clerk until after the ninety-day period of limitation has meanwhile expired. South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S.W. 811. This upon the theory that by the filing of his petition the plaintiff has done all that lies within his sole power towards the institution of the suit, the issuing of the summons being a matter which rests peculiarly in the hands of the clerk; and therefore the filing of the petition *856 is to be regarded as tantamount to a request by the plaintiff for the issuance of summons in regular course.
"Assuming, as both parties concede, that summons was not issued for plaintiff herein as a defendant in the Boeckeler Lumber Company Case until after its ninety days had passed, the Boeckeler Lumber Company Case was nevertheless duly commenced at the time of the filing of the petition therein. There is no suggestion that the timely issuance of summons was withheld by the request of the plaintiff therein, and if such was the case, then the burden was upon this plaintiff to show such fact in order to overcome the presumption otherwise existing that the petition was filed by the Boeckeler Lumber Company with the intention that summons should be issued by the clerk in the regular course. But at any rate this discussion is actually all beside the point, for if summons was not issued for it within the ninety-day period, then under section 3187 [section 429.310 RSMo 1949, V.A.M.S.] it was plaintiff's duty, having been named as a party therein, to enter its appearance and plead in the Boeckeler Lumber Company suit within such period, upon the doing of which its own suit would have been duly commenced within the meaning of the statute. McPherrin v. Lumbermen's Supply Co., 211 Mo.App. 385, 242 S.W. 136." (Italics ours.)
This issue was again before the St. Louis Court of Appeals in the case of ImseSchilling Sash & Door Co. v. Kellems, 237 Mo.App. 960, 179 S.W.2d 910, loc. cit. 914, wherein that court said:
"Having strict regard for the language of the act and the interpretation which the courts have put upon it, we cannot escape the conclusion that the prohibition against subsequent suits is nowhere qualified by the necessity that service shall have been had upon a particular lien claimant in order to bar him from the institution of another or separate suit. On the contrary, it is the mere institution of an equitable suitthe filing of the petition therein with the intention that summons shall issue in the regular course which precludes the subsequent bringing of a separate suit; and it has been expressly decided that the words `separate suit,' as the same are used in Section 3573, are not limited in their meaning to a suit at law, but include as well a suit in equity. Badger Lumber & Coal Co. v. Robertson, supra, [222 Mo.App. 211, 297 S.W. 99].
"In other words, as has been aptly said by the Supreme Court in Lee & Boutell Co. v. C. A. Brockett Cement Co., 341 Mo. 95, 106 S.W. 2d 451, 456, `such equitable action is made the "exclusive" remedy * * and subsequent suits for the establishment of any mechanics' liens against the property are expressly prohibited.' Consequently, any lien claimant, who desires the enforcement of his lien, must bear the burden of taking the necessary steps to avail himself of the exclusive remedy which is provided, which means that before bringing his own suit, he must investigate, as he may readily do, whether an equitable suit is pending in which his lien may be adjudicated. Nor, even if such a suit is pending may he in all events await the issuance of summons in such suit, but instead, if summons is not issued for him within the period of ninety days in which he must commence his action, then under Section 3577 his remedy is to enter his appearance and plead in the equitable suit before the expiration of his ninety days, in which event his action is commenced in time. Richards Brick Co. v. Wright, supra."
Under these authorities, even if the plaintiffs in the St. Louis case were not served with summons or by publication in the equitable mechanic's lien suit, still the respondent does not have jurisdiction to hear and determine the plaintiffs' suit.
It is true that plaintiff Kay Hansen was not made a party to the equitable mechanic's lien suit. If he has any interest *857 separate from the corporation of which he is an officer, his duty is to intervene in the equitable mechanic's lien action.
It follows that the respondent is without jurisdiction to hear the case pending before him and our provisional rule should be made absolute. It is so ordered.
All concur.