**DIERKS & SONS LUMBER COMPANY, a Corporation, Respondent,**

**George H. Grove and Lulu I. Grove, Husband and Wife, Appellants,**

**v.**

**Thomas F. McSORLEY, d/b/a Avenue Plumbing & Heating Company, Respondent.**

**No. 22380.**

Kansas City Court of Appeals.

Missouri.

April 2, 1956.

Francis G. Hale, Robert E. Colcberd, Liberty, for appellant.

Williams & Norton, North Kansas City, for respondent.

DEW, Presiding Judge.

This is an appeal from that part of a court's judgment and decree in an equitable mechanic's lien suit which allowed respondent McSorley, a. subcontractor, a mechanic's lien in the sum of $884.73 upon certain real estate belonging to the appellants.

The parties agree that there is only one principal question involved in this appeal and that is whether or not respondent McSorley's cross-petition for a mechanic's lien was filed within the time required by law. The pertinent facts are as follows:

On November 9, 1953, respondent McSorley filed notice of a mechanic's lien on certain real estate in question belonging to the appellants to secure his claim as subcontractor against George W. Hartman, general contractor, for labor and materials furnished for and used in certain improvements on such real estate.

On December 1, 1953, respondent McSorley filed his mechanic's statement in the office of the circuit clerk. He promptly filed a suit against appellants, and on January 9, 1954, received judgment in the sum of $835.-20. He was also decreed a mechanic's lien therein on the above mentioned real estate of appellants to secure the judgment. He had not made the general contractor a party to the action.

On January 23, 1954, respondent Dierks & Sons Lumber Company brought the present action in equity to recover of and from the defendant general contractor for labor and materials which, as a subcontractor, it had furnished him for use and which were used in the improvements on the real estate referred to belonging to the appellants, and for a mechanic's lien on the property with an adjudication of the interests of all the parties therein. In the petition the respondent McSorley was named, among others, as a defendant, who, the petition stated, had filed a mechanic's lien statement and was claiming a mechanic's lien against the real estate and improvements described.

On February 1, 1954, respondent McSorley voluntarily entered his appearance in the present action and waived summons. On February 11, 1954, he filed his separate answer. The answer generally denied certain paragraphs of the petition, among which was the one in which it was alleged that he had filed a mechanic's lien and was claiming a mechanic's lien on the real estate described. However, the answer further alleged that he was the plaintiff in a suit previously filed in Clay County, Missouri, in which the appellants here were the defendants; that on January 9, 1954, he had obtained judgment therein against the defendants (appellants herein) for $835.06, plus costs, and that the court therein had ordered that he have a mechanic's lien on the real estate described to secure such judgment. The prayer of his answer was for "judgment of the court and for his costs".

On March 22, 1954, appellants moved to strike from the separate answer of respondent McSorley his allegations pertaining to the prior action and judgment against appellants for the reason that such prior judgment was void because the general contractor was not made a party defendant in said action. The record shows no ruling on this motion, but that on April 1, 1955, respondent McSorley asked for and was given leave to file an amended answer. Thereafter, on April 19, 1955, he filed his present amended answer and cross-petition in the present equity suit, wherein he prays for a mechanic's lien on the real estate involved.

In respondent McSorley's amended answer and cross-petition he again denied certain paragraphs of the petition herein, including the one in which it was stated that he had filed his statement for a mechanic's lien and was claiming a mechanic's lien on the real estate in question. However, the amended answer and cross-petition proceeded to allege his claim for a decree enforcing his mechanic's lien. No reference was made in the amended answer and cross-petition to the prior action, or to any mechanic's lien judgment as described in the original answer. In fact, respondent McSorley now concedes that his prior decree of a mechanic's lien is void because the general contractor was not made a party to that action. Quigley v. William M. Rideout & Co., Mo.App., 127 S.W.2d 37, 39.

The appellants' answer to respondent McSorley's amended answer and cross-petition denied the controversial statements made and alleged that the amended answer and cross-petition were filed more than 12 months after McSorley had filed his mechanic's lien statement and should be dismissed. Throughout the trial appellants preserved that objection.

After trial, the court, among other provisions of its decree, gave the respondent McSorley a personal judgment against the defendant George W. Hartman, general contractor for $884.73 and a mechanic's lien therefor on the real estate of the appellants described. Thereupon, after their motion for new trial was denied, the appellants appealed from the judgment and decree, "particularly that part thereof in favor of defendant Thomas F. McSorley, and against said appellants Grove".

The appellants contend that respondent McSorley's amended cross-petition filed on April 19, 1955, claimed for the first time a mechanic's lien on appellants' property after more than a year since the filing of his lien statement in the office of the circuit clerk; that since the 90 day period within which a suit on a mechanic's lien must be commenced, as provided by Sections 429.170 and 429.310, had thus expired, his cross-petition was not only barred as to time, but the lien

in fact had ceased to exist. Furthermore, the appellants state that such limitation is one of right and not merely one of remedy.

Respondent McSorley asserts that he commenced his action to enforce his mechanic's lien within the time as contemplated by the statutes, and that he has complied with all the requirements of law, its objects and purposes. He further submits that the 90 day limitation statute, Section 429.310, specifically applies to separate actions at law to enforce single mechanic's liens and not to equitable mechanic's lien suits.

The statutes creating liens of mechanics and material men and governing action thereon are Sections 429.010 to 429.340, inclusive, RSMo 1949, V.A.M.S. Section 429.170 reads as follows:

"All actions under sections 429.010 to 429.340 shall be commenced within ninety days after filing the lien, and prosecuted without unnecessary delay to final judgment; and no lien shall continue to exist, by virtue of the provisions of said sections, for more than ninety days after the lien shall be filed, unless within that time an action shall be instituted thereon, as herein prescribed."

Section 429.180 provides that all actions on mechanic's liens shall be brought in the same manner as ordinary civil actions, as to pleadings, practice and proceedings.

Section 429.270 provides, in effect, that when there are two or more mechanic's lien claims against the same property, arising under any of the Sections 429.010 to 429.-340, the same and the rights of the parties and of all others claiming an interest in the real estate involved may be determined and adjudicated in one equitable action.

Under Section 429.280, all parties claiming a lien or interest in the real estate involved in such equitable action, as disclosed by public records, shall be made parties to the action and those whose rights are not so disclosed are to be bound by the proceedings therein, but upon application may be made parties to the action and participate in the further adjudication of the claims. Section 429.290 provides that when such equitable action is commenced it shall be exclusive of all other remedies for the enforcement of mechanics' liens, but that until such action is brought, the other remedies shall remain and exist.

Section 429.300 provides that other pending actions for mechanics' liens shall be stayed upon the filing of such equitable suit and that parties in such other suits may be made parties to the equitable action; that after the filing of such equitable action no separate suit shall be instituted upon any mechanic's lien or any other claim against said property, the rights of all persons having such interests to be adjudicated and enforced in said proceedings.

Section 429.330 provides that no such equitable action shall be brought when there is only one mechanic's lien claimed against the property, but in any suit brought on such a lien the court shall determine the priorities between the mechanic's lien claimant and the lien of encumbrances.

The section especially in controversy in the instant case is 429.310, which reads in part as follows:

"Any answer, or other pleading, or motion, or entry of appearance followed by pleading in due course, filed or made in any such equitable action by any mechanic's lien claimant, within ninety days after the preliminary statement for the lien of such claimant has been filed in the proper office therefor, as required by law, or, when filed, or made, at the time required by law on a summons, in such equitable action, issued before or within such ninety-day period within which suits on mechanic's liens including this equitable action are required to be commenced, provided such equitable action is then still pending, shall be deemed a commencement of an action by such mechanic's lien claimant; * * *."

As to the applicability of Section 429.170 to equitable suits as well as suits at law to

enforce mechanic's liens, it will be noted that it specifically states that: *"All actions under sections 429.010 to 429.340 shall be commenced within ninety days after filing the lien * * *."* It further states that *no such* lien shall continue to exist "by virtue of the provisions of said sections," beyond that period of 90 days, "unless within that time an action shall be instituted *thereon,* as herein prescribed." (Italics supplied.) Thus that statute of limitation expressly applies to all actions brought under any of the statutes of Missouri, to enforce a mechanic's lien. The words "as provided herein" refer not merely to Section 429.170 in which they appear, but to any and all of such sections from 429.010 to 429.340, as contain provisions pertaining to actions to enforce mechanics' liens.

■ ■ It is argued with considerable force that the limitation of Section 429.170 is one of right, rather than one of remedy, and such contention is just as earnestly controverted. Badger Lumber Co. v. Staley, 141 Mo.App. 295, 125 S.W. 779; Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852; Woodling v. Westport Hotel, 227 Mo. App. 1231, 63 S.W.2d 207. We believe that question is not determinative of the instant inquiry. It appears to us that whether defendant McSorley has a mechanic's lien which he cannot enforce under the law, or had one which has ceased to exist, he is equally disqualified to participate in the equitable mechanic's lien suit at bar. The crucial question rather seems to be whether his first answer in this case, filed within the 90 day period, was otherwise sufficient to "commence" his suit to enforce his mechanic's lien. We disregard the evident oversight in respondent McSorley's answer, denying certain paragraphs of the petition, one of which included allegations acknowledging that he, among other defendants, had filed a mechanic's lien statement and was claiming such a lien. His first answer immediately alleged thereafter that he had obtained a judgment for a mechanic's lien on appellants' property in a prior suit, and prayed judgment in the instant suit. His amended answer and cross-petition affirma-

tively alleged his mechanic's lien and asked for enforcement thereof.

It has been pointed out that mechanics' liens are solely the creatures of statute and the rights of the parties respecting them cannot be enlarged by courts of equity. Fleming-Gilchrist Const. Co. v. McGonigle, 338 Mo. 56, 89 S.W.2d 15. As to the construction of the provisions of the foregoing statutes pertaining to equitable mechanic's lien actions, the Supreme Court, through Judge Hyde, in State ex rel. Erbs v. Oliver, 361 Mo. 836, 843, 237 S.W.2d 128, 132, said: "However, it has been the policy of our Legislature to construct our mechanics' lien statutes upon broad principles of right and justice and this Court has construed them liberally to carry out their remedial purposes." See, also, Stamm Electric Co. v. Hamilton-Brown Shoe Co., 350 Mo. 1178, 171 S.W.2d 580, 146 A.L.R. 917.

The equitable mechanic's lien action, established and governed by Sections 429.270 to 429.340, inclusive, is designed principally for the purpose of enforcing multiple mechanics' lien claims filed against the same real estate, together with an adjudication of the rights claimed under all conflicting liens, encumbrances or other interests in the property. Before such an action is permissible there must be more than one mechanic's lien claim against the property, or some part of it. Section 429.330. When such action is begun, it pre-empts the field of remedies for the enforcement of mechanics' liens on the property. Section 429.330.

Having entered his appearance in the instant equity suit in response to the petition therein making him a defendant as a mechanic's lien claimant, and having waived summons, he filed his separate answer, alleging that he had obtained in a prior proceeding a judgment for a mechanic's lien on the property described, and he prayed for the judgment of the court in this case accordingly. While he later seemed convinced that the judgment in his prior action was void for failure to join the general contractor, and although over a year after he

had filed his lien statement, he filed with leave of court his amended cross-petition for a judgment on his lien, we cannot construe his original answer as wholly failing to seek enforcement of his mechanic's lien in the case.

Appellants do not question here that McSorley had filed a timely lien statement, nor that the same was introduced in evidence in the trial. The language of Section 429.310 is broad. It requires for a "commencement" of an action by a defendant mechanic's lien claimant in such an equitable suit that within 90 days after filing a lien statement, the claimant file in the case "Any answer, or other pleading, or motion" after entry of appearance. Whether such language requires, within such a 90 days period, a pleading wherein a mechanic's lien is expressly asserted, we do not determine. Even if it does, a liberal construction of McSorley's first amended answer would be that he was standing on his mechanic's lien claim and was seeking its recognition and enforcement in the equitable action. That being true, he had a right, with leave of court, to file his amended answer and cross-petition as and when he did so. Under the strict construction relied on by the appellants, respondent, despite the statements in his first answer, would be held to have failed to assert his mechanic's lien claim thereby and after the 90 day period he could not have instituted any other action to obtain his relief and, in fact, his lien would then have ceased to exist. Great liberty is extended to the amendments of petitions to enforce mechanic's liens, which, when made, relate back to the original petition filed. Gruner & Bros. Lbr. Co. v. Hartshorn-Barber R. & B. Co., 171 Mo.App. 614, 154 S.W. 846.

For the reasons stated, we conclude that the judgment and decree of the trial court should be affirmed.

All concur.