**STATE ex rel. CLAYTON GREENS NURSING CENTER, INC., Relator,**

v.

**Hon. William J. MARSH, Judge, Circuit Court, Jackson County, Respondent.**

**No. 63357.**

Supreme Court of Missouri, En Banc.

June 14, 1982.

---

David S. Purcell, Clayton, for relator.

Richard F. Lombardo, Thomas M. Moore, Kansas City, for respondent.

HIGGINS, Judge.

Relator seeks to prohibit further proceedings in a garnishment action asserting that respondent lacks jurisdiction to try the garnishment action because all of its parties are parties to an equitable mechanic's lien suit commenced after the contract action from which the garnishment arose and that the mechanic's lien action precludes and preempts all other suits. Respondent moves to dismiss asserting that this Court is without jurisdiction to issue a writ of prohibition and that an equitable lien action does not preclude or prohibit the prosecution of an action at law for contract breach filed before commencement of said lien action. Respondent's motion to dismiss is denied; writ of prohibition is made absolute.

On September 22, 1977, O'Dell Plumbing, Heating and Cooling, Inc., a subcontractor, filed suit for damages against Branick Construction Co., Inc., the general contractor, for breach of contract arising from construction of the Clayton Greens Nursing Center which is owned and operated by relator. On October 14, 1977, a lien action was filed in St. Louis County by another subcontractor not presently concerned, in which Branick, O'Dell, and Clayton Greens were named as defendants. On October 30, 1978, O'Dell obtained a default judgment against Branick in the contract action and now seeks to garnish a debt which it asserts Clayton Greens owes to Branick. Clayton Greens does not concede it owes any money to Branick and contends, correctly, that this issue is not presently in this cause but rather within the scope of the lien action.

## I.

O'Dell on behalf of respondent contends that this Court has no jurisdiction to hear this cause because the Court of Appeals, Western District, which has concurrent jurisdiction, has considered and ruled against the same arguments Clayton Greens now asserts.

■ Rule 97.04 permits the Court of Appeals or the Supreme Court to issue a preliminary order in prohibition if "the court is of the opinion that . . . [it] should be granted". *Id.* Generally under Rule 84.22 relator must seek remedial relief from the court of appeals before applying therefor to the Supreme Court. *See, State ex inf. Roberts v. Buckley*, 533 S.W.2d 551 (Mo. banc 1976). The court of appeals' refusal to issue a preliminary writ of prohibition has no substantive effect upon this Court's jurisdiction, because Rule 84.22 is procedural and does not affect jurisdiction. *State ex rel. Commissioners of State Tax Commission v. Schneider*, 609 S.W.2d 149, 151 (Mo. banc 1980). This Court has jurisdiction to issue and determine original remedial writs such as this case, under Mo.Const. art. V, § 4. *Id.*

## II.

Concerning the jurisdiction of the Jackson County Circuit Court, the issue is whether the contract action filed before the equitable mechanic's lien action must be stayed under § 429.300, RSMo 1978, once the latter action is filed. It is not disputed that jurisdiction over the lien action is exclusively vested in St. Louis County. *See,* Section 508.030, RSMo 1978. The question then is whether filing of the lien action in St. Louis County deprives the Jackson County Circuit Court of its previously enjoyed jurisdiction to act on the contract action.

Relator contends that the scheme of § 429.270, et seq., RSMo 1978, the equitable mechanic's lien law, is the mandatory procedure for the equitable determination of rights of all the parties interested; that *State ex rel. Great Lakes Steel Corporation v. Sartorius*, 249 S.W.2d 853 (Mo. banc 1952) holds that once the equitable mechanic's lien suit is commenced no other actions in equity or at law, for lien, contract or otherwise, may be commenced to enforce rights being determined in the equitable lien suit; that the same rule must apply to any suit brought prior to commencement of the equitable lien suit; that therefore, the contract judgment rendered by default after commencement of the lien action is void *ab initio*; that no jurisdiction to issue garnishment exists to aid in execution of said judgment or to try the issues in the garnishment proceeding. Relator asserts that if this is not true, the result would defeat the statutory policy of equitable determination and enforcement of rights of all interested parties in one suit and thereby encourage a "race to the courthouse" by contractors and subcontractors attempting to obtain priority of judgment. Respondent concedes § 429.300, RSMo 1978 bars all subsequently brought actions, but asserts that non-lien actions at law previously brought are not barred. By respondent's reasoning, the Jackson County Circuit Court had jurisdiction to enter a default judgment and retains jurisdiction to proceed with garnishment in aid of O'Dell's contract judgment.

Section 429.300, RSMo 1978 states:

*Other actions stayed when equitable action brought.*—The equitable action above provided for shall be brought in the proper court of record regardless of the amount claimed by the plaintiff or plaintiffs in such action, and all other suits that may have been brought on any mechanic's lien claim or demand shall be stayed and no further prosecuted, and the parties in any such other suit shall be made parties to such equitable action as in the foregoing sections provided, and any costs rightfully accrued in behalf of any lien claimant in any such other action shall be and become a part of the lien claim of such party. After the institution of such equitable action no separate suit shall be brought upon any mechanic's lien or claim against said property, or any of it, but the rights of all persons shall be adjusted, adjudicated and enforced in such equitable suit.

In *State ex rel. Great Lakes Steel Corporation v. Sartorius, supra,* the Court ruled that a contract action at law filed after the commencement of a lien action was a nullity and the court entertaining the contract action was without jurisdiction and prohibited from proceeding. *Id.* at 857. That

decision relied upon the sentence of the above-quoted section which provides that "no separate suit shall be brought upon any mechanic's lien or claim ... ", § 429.300, RSMo 1978. The Court read "mechanic's lien or claim" to include the subsequently brought contract action at law within the automatic stay provision of the statute. *State ex rel. Great Lakes Steel Corporation v. Sartorius*, 249 S.W.2d at 854, citing *Richards Brick Co. v. Wright*, 231 Mo.App. 946, 82 S.W.2d 274, 281 (1935).

■ By comparison, with regard to prior suits, the statute requires that " ... all other suits that may have been brought on any mechanic's lien, claim or demand shall be stayed and no further prosecuted ...", § 429.300, RSMo 1978. Thus, the additional term "demand" appears with reference to staying actions brought prior to the mechanic's lien suit. Whatever the meaning of "demand", the legislature expressed its intention to stay at least as many previously brought actions as those subsequently brought. Restated, if the statutory stay on "mechanic's lien or claim" bars a contract action at law brought after the mechanic's lien suit, then "mechanic's lien claim or demand" must stay the proceeding of a contract suit filed before the mechanic's lien action is filed. *Id. State ex rel. Great Lakes Steel Corporation v. Sartorius, supra*, found the former, therefore the latter is also true.

■ Respondent suggests that because O'Dell's action was for breach of contract and not application of a lien, and is at law and not in equity, it survives the commencement of the equitable lien suit. These distinctions are no more persuasive now than when they were rejected in *State ex rel. Great Lakes Steel v. Sartorius, supra*, where this Court read § 429.300, RSMo 1949 to bar an action at law for breach of contract. *Id.* 249 S.W.2d at 854–55. *See also Badger Lumber & Coal Co. v. Robertson*, 222 Mo.App. 211, 297 S.W. 99 (1927). In *Peerless Supply Company v. Industrial Plumbing & Heating Company*, 460 S.W.2d 651 (Mo.1970) this Court ruled:

In this case it is also quite important that Havin had previously filed his separate legal mechanic's lien action. Upon the filing of the equitable action Havin could not proceed with his legal suit under the provisions of Sec. 429.290, which makes the equitable action exclusive of all other remedies, and under the provisions of Sec. 429.300 which provides for the stay of all other pending actions. *Id.* at 661–62. In that case it is also stated:

Sec. 429.300 which provides for the stay of previous legal mechanic lien actions also provides that: '* * * the parties in any such other suit *shall* be made parties to such equitable action * * * [and] the rights of all persons *shall* be adjusted, adjudicated and enforced in such equitable suit.'

*Id.* at 664 (original emphasis). *See, State ex rel. Erbs v. Oliver*, 361 Mo. 836, 237 S.W.2d 128 (banc 1951); *Dierks & Sons Lumber Company v. McSorley*, 289 S.W.2d 164 (Mo.App.1956). *See also*, §§ 429.190, 429.270 to 429.290, RSMo 1978.

■ The parties to the contract action in Jackson County have the very interests and relations requiring the uniform treatment provided by the mandatory equitable mechanic's lien statute. Section 429.270 to .300, RSMo 1978. They are all parties to the lien action. Their rights, interest, and liens must be there determined, established and enforced to the exclusion of all other actions. Section 429.290, RSMo 1978. Consolidation also obviates races to the courthouse for the purpose of obtaining priorities which the equitable mechanic's lien statute is intended to prevent. *See, State ex rel. Erbs v. Oliver, supra*.

■ The Jackson County Circuit Court was without jurisdiction to enter a default judgment in the contract action and lacks jurisdiction to conduct garnishment proceedings. The motion to dismiss this petition is denied; the preliminary writ previously issued is made absolute; relators' motion for costs is overruled without prejudice.

RENDLEN, MORGAN and BARDGETT, JJ., concur.

DONNELLY, C. J., dissents in separate dissenting opinion filed.

SEILER and WELLIVER, JJ., dissent and concur in separate dissenting opinion of DONNELLY, C. J.

DONNELLY, Chief Justice, dissenting.

The equitable mechanic's lien proceeding is designed for the purpose of enforcing multiple mechanic's lien claims filed against the same real estate, together with an adjudication of the rights claimed under all conflicting liens, encumbrances or other interests in the property. § 429.270, RSMo 1978; *Dierks and Sons Lumber Co. v. McSorley*, 289 S.W.2d 164, 168 (Mo.App. 1956). Once such an equitable suit is commenced it pre-empts the field of remedies for enforcement of mechanics' liens on the real estate. *Dierks & Sons Lumber Co. v. McSorley*, 289 S.W.2d at 168. Accordingly, the equitable suit's institution stays all other suits, whether legal or equitable, to enforce a mechanic's lien on the property. § 429.300, RSMo 1978; *Peerless Supply Co. v. Industrial Plumbing & Heating Co.*, 460 S.W.2d 651, 662 (Mo.1970).

The principal opinion goes too far. Garnishment may be inappropriate in this particular case. However, O'Dell's action on the contract should not be declared a nullity. *Sartorius* paints with too broad a brush. It overstated the holding in *Richards Brick Co. v. Wright*, 231 Mo.App. 946, 957–958, 82 S.W.2d 274, 281 (1935) and misapplied it to what apparently was a non-mechanic's lien suit. *See State ex rel. Great Lakes Steel Corp. v. Sartorius*, 249 S.W.2d 853, 854–855 (Mo. banc 1952). Relator Clayton Greens admits in its brief that plaintiff O'Dell did not sue to enforce a mechanic's lien. Once a judgment on an account is obtained, it merges into the judgment. *Wycoff v. Epworth Hotel Construction & Real Estate*, 146 Mo.App. 554, 560–561, 125 S.W. 550, 551 (1910). Of course, a lien claimant can enforce a lien only on the basis of his account and therefore the unsatisfied judgment cannot be used to enforce a mechanic's lien. *Id.* Thus, in this case, once O'Dell obtained the non-mechan-

ic's lien judgment, it could no longer be party to or benefit from the equitable mechanic's lien suit.

Obviously, I do not interpret "demand" in § 429.300 as does the principal opinion. I read that word, in the context of Chapter 429, as a "mechanic's lien demand." For example, § 429.080 requires contractors, materialmen, etc. to properly file "a just and true account of the *demand* due him." (emphasis added). Nor do I believe that § 429.290 means that an equitable mechanic's lien suit, once filed, is the exclusive remedy for *all* disputes between parties involved in the construction from which the mechanic's lien suit arises. Finally, a consolidation of a non-mechanic's lien suit and a mechanic's lien suit is unnecessary to prevent races to courthouses; two such suits are on different tracks and do not compete.

I respectfully dissent.