Granat & Wolff by Gordon D. Schweitzer, Jr., Clayton, for respondent.

O'DELL PLUMBING, HEATING & COOLING, INC., Appellant,

v.

CLAYTON GREENS NURSING CENTER, INC., Respondent.

No. WD 34460.

Missouri Court of Appeals, Western District.

Sept. 4, 1984.

Thomas M. Moore, Matthew J. Stretz, Gould & Moore, Kansas City, for appellant.

David S. Purcell, Miller & Purcell, Kirkwood, for respondent.

Before CLARK, P.J., and SHANGLER and NUGENT, JJ.

CLARK, Presiding Judge.

This appeal is from the judgment in a garnishment proceeding by appellant, O'Dell Plumbing, Heating and Cooling, Inc. attaching a debt asserted to be owed by respondent, Clayton Greens Nursing Center, Inc. to Branick Construction Co., the judgment debtor of O'Dell. The trial court ordered Clayton discharged as garnishee and allowed Clayton its fees and costs as provided in Rule 90.18. O'Dell contends here that the trial court erred in rejecting its defense to the allowance, entered as a judgment against it, and also argues that the amount was excessive.

The source of the dispute was a construction project in St. Louis County where Clayton was the owner, Branick was the general contractor and O'Dell was a subcontractor. O'Dell sued Branick in Jackson County for breach of its subcontract, but before judgment was entered, a mechanics lien suit was instituted in St. Louis County by another subcontractor on the same project. Branick, Clayton and O'Dell were named as defendants in that case. After commencement of the lien action, O'Dell procured a default judgment against Branick in the Jackson County case and then ordered the execution summoning Clayton as garnishee.

By its decision in *State ex rel. Clayton Greens Nursing Center, Inc. v. Marsh*, 634 S.W.2d 462 (Mo. banc 1982), the court ruled that the mechanics lien suit, when filed, preempted the field of litigation as to any claims or demands arising out of the subject matter determinable in the lien suit and, as a consequence, the trial court in Jackson County lacked subject matter jurisdiction to enter the judgment for O'Dell against Branick. That judgment was therefore void as were the execution and writ of garnishment summoning Clayton.

Immediately following the rendition of the opinion in *State ex rel. Clayton Greens, supra,* the consequence of which was the discharge of Clayton as garnishee, Clayton filed its application for costs incurred in defending the garnishment. That application was taken up and the trial court awarded Clayton $12,804.11. The issues on this appeal are limited to O'Dell's claim that it should not be held liable for the expenses incurred by Clayton in defending the garnishment.

**I.**

In its first point, supplemented by a third point, O'Dell contends the trial court erred in rejecting its defense of equitable estoppel. In the words of O'Dell's brief,

"Had respondent not represented that it had an outstanding obligation to Branick, appellant would not have had a basis for seeking garnishment against respondent, would not have filed the garnishment and the expenses incurred in the defense of said garnishment would not have been generated. Therefore, the appellant asserts the equitable estoppel * * to deny the imposition of those expenses on appellant * * *."

The claim by O'Dell that it was induced by acts of Clayton to institute the garnishment lacks factual support in this record. O'Dell offered no evidence at the hearing on Clayton's application for allowances and no record of the purported interrogatory answers in the mechanic's lien case was supplied. The assertion by O'Dell in its brief that Clayton had acknowledged a debt of $22,705.56 owed Branick is dehors this record and must be rejected. At most, the record shows, through testimony by one of Clayton's attorneys explaining his fee bill, that at some point, an interrogatory answer in the lien case was amended to deny any indebtedness owed Branick by Clayton. The burden was on O'Dell to

support its equitable defense by showing facts demonstrating all the elements of estoppel. This O'Dell failed to do and, as a consequence, the trial court was correct in denying the defense.

■ Even were it to be assumed, however, that the interrogatory answers were made by Clayton as O'Dell asserts, there was yet no relationship between that circumstance and the allowance of expenses incurred by Clayton in successfully defending execution under the garnishment. O'Dell contended that it was misled by Clayton into believing that Clayton was indebted to Branick and therefore O'Dell sought to reach that debt by the garnishment. But Clayton was exonerated from liability under the garnishment because O'Dell's judgment was void, not because of any issues made up on Clayton's debt to Branick. Whether Clayton did or did not owe Branick was irrelevant to the ultimate disposition of the garnishment. Thus, any representation by Clayton about the state of its affairs with Branick had no proximate relationship to the discharge of Clayton as garnishee. The garnishment would have been unsuccessful irrespective of any representation made by Clayton. The element of detrimental reliance required in estoppel was lacking.

■ Finally, the allowance of expenses under Rule 90.18 is governed by the rule and the statute, neither of which contemplates invocation of equitable principles, good faith or other elements which O'Dell contends should restrict allowances to Clayton in this case.

Section 525.240, RSMo 1978 provides that if a judgment plaintiff causes a garnishee to be summoned but fails to recover judgment against the garnishee, all costs attending the garnishment shall be adjudged against the plaintiff. Those costs are to include indemnification for time and expense and attorney fees. Rule 90.18 is to like effect and directs that the court shall render judgment in favor of the garnishee.

Neither the statute nor the rule impose any condition or qualification on the entitlement of a garnishee to recover its costs except the condition that the plaintiff fail in its attempt to obtain judgment against the garnishee. The remedial purpose of the statute, which in some form has appeared in Missouri Laws since the early days of statehood, is to make whole a party who has no interest in the cause as plaintiff or defendant but who has been summoned under a writ of garnishment and later discharged. As the court noted in *Barnard & Lease Manufacturing Company v. Monett Milling Company*, 79 Mo.App. 153 (1899) at 157–158:

> "The garnishee files no pleading complaining that he has been deprived of a legal right by anyone; he makes no one a party defendant; he does not ask that a judgment in his favor be entered against any one; he merely says, I have obeyed the process of the court and as garnishee have answered all the interrogatories propounded to me; in thus complying with the order of the court I have been put to trouble and expense, for which I ask the court to make me a reasonable allowance * * *."

■ O'Dell cites no case supporting the argument that an unsuccessful plaintiff in execution and garnishment may interpose equitable defenses to the allowance of costs and expenses to the discharged garnishee. Neither the statute nor the rule remotely suggest the availability of equitable defenses. To the contrary, the statute and the rule, which create the remedy and define the procedure, expressly direct the court to grant the allowances when the garnishee has successfully resisted the plaintiff's claim in garnishment. As the court noted in *Barnard & Lease Manufacturing Company, supra*, where the plaintiff claimed entitlement to a jury trial on the question of allowances to the garnishee, garnishment is purely a creature of statute and as such, the procedure is solely governed by the statute which creates the right. There was no entitlement for O'Dell to assert equitable defenses to Clayton's allowances as a discharged garnishee and the trial court therefore correctly rejected consideration of the defenses.

## II.

■ In its second point, O'Dell complains that the allowance to Clayton was excessive and represented costs not reasonably attributable to the defense of the garnishment. We first note that the evidence before the trial court demonstrated a detailed analysis of the basis on which Clayton's attorney fees were calculated and, of equal importance, the fact that Clayton had actually sustained the expense by paying the fees. With this record and the present language of Rule 90.18(b) which has deleted the word "reasonable" from the description of attorney fees recoverable, no attempt is made here to reassess the amount of fees in relationship to the value of services. That task was assumed by the trial court and we defer to the judgment in that respect.

O'Dell principally complains that time charged by Clayton's attorneys for work in the St. Louis case, for unsuccessful efforts to obtain a writ of prohibition in this court and for various other proceedings in the Jackson County case were unwarranted and duplicative and should not have been considered in setting the amount of expenses Clayton was entitled to recover.

The crux of this matter from the outset was the assertion by Clayton that O'Dell had no right to proceed with its case in Jackson County but was bound by the exclusive jurisdiction of the circuit court in St. Louis County acquired when the mechanics lien suit was filed. O'Dell persistently refused to accept this proposition but pursued the separate action in Jackson County, thus imposing on Clayton the obligation to resist the proceeding on jurisdictional grounds. That effort, as noted above, ultimately resulted in the successful prosecution of a proceeding in prohibition in the Missouri Supreme Court.

■ Once the default judgment was obtained by O'Dell in Jackson County and the garnishment action was commenced, Branick was not present as an active litigant. The duty fell on Clayton as garnishee to assert the jurisdiction defect in the judgment. Where a judgment has been obtained against a garnishee's creditor which is void for want of jurisdiction in the tribunal rendering it, the garnishee is not only at liberty to set up such fact but is bound to do so for his own protection. *First National Bank in Chester v. Conner,* 485 S.W.2d 667, 672 (Mo.App.1972).

It is apparent that Clayton displayed diligence and vigor in asserting the defense to the judgment O'Dell has purportedly obtained against Branick, but the zealousness is no ground to mitigate the expense which is chargeable to O'Dell. At best, O'Dell's complaint is that Clayton's defense was overstaffed and unduly thorough. The trial court had ample opportunity to examine the fee accounts and to exercise its discretion in setting the allowance. The record shows no abuse of that discretion.

## III.

Clayton has filed its motion for damages for frivolous appeal and, after submission of the case following oral argument, an additional motion for allowances. Also pending are motions by Clayton to dismiss the appeal and to strike portions of O'Dell's brief.

■ The claim for damages for frivolous appeal is based on Rule 84.19. That rule is applicable in those cases where the appeal presents no justiciable question and is so readily recognized as devoid of merit on the face of the record that there is little prospect the appeal can succeed. *City of Cape Girardeau v. Robertson,* 615 S.W.2d 526, 532 (Mo.App.1981). Admittedly, the appeal taken here by O'Dell borders on this class of cases, as is shown from the foregoing discussion of the tenuous assertion by O'Dell of its defense of equitable estoppel. The appeal did, however, challenge the reasonableness of the cost allowance made. That subject must necessarily be debatable and serves to tip the balance in a doubtful situation. The remedy under Rule 84.19 is reserved for rare and unusual situations. *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50 (Mo.App.1975). Hav-

ing in mind this element of restraint, the motion for damages here is denied.

 The motion for damages mentioned above was limited to the claim of a frivolous appeal and sought no allowance under Rule 84.21. In the subsequent motion filed after submission, Clayton did claim expenses attributable to the completed work on the appeal and attached an itemized statement. Although otherwise disposed to do so, we are unable to make any allowance to Clayton under Rule 84.21 because the claim for such allowance was not made before final submission and was not accompanied by a sworn statement of expenditures paid or incurred. There is no provision for allowance of expenses on grounds presented to the court after submission.

The motions for damages for frivolous appeal, the motion to dismiss the appeal and the motion to strike portions of appellant's brief are overruled. The judgment of the trial court allowing respondent $12,804.11 pursuant to Rule 90.18(b) is affirmed.

All concur.