**GEORGE WEIS COMPANY,**
Appellant,

v.

**STRATUM DESIGN–BUILD, INC.,**
et al., Respondents.

No. SC 88194.

Supreme Court of Missouri,
En Banc.

July 6, 2007.

David M. Duree, St. Louis, MO, for Appellant.

Eric O. Wolfgram, Eric B. Krauss, R.C. Wuestling, David T. Streett, St. Louis, Adam R. Lorenz, Clayton, MO, for Respondents.

LAURA DENVIR STITH, Judge.

George Weis Company ("Weis") was a subcontractor on a construction project. When Weis was not paid for its services, it sued the owner and other entities involved in the project for breach of contract and in tort. The trial court dismissed all of Weis' claims for lack of subject matter jurisdiction because it believed that section 429.300, RSMo 2000,[1] required Weis to raise its claims by intervening in a prior equitable mechanic's lien suit brought by other subcontractors of the same construction project, rather than by bringing a separate tort or breach of contract action.

The trial court's judgment is reversed, and the case is remanded. Section 429.300 simply requires all mechanics' lien claim-

---

1. All subsequent statutory references are to RSMo 2000.

ants bring their claims in a single action. Weis is not a lien claimant; its only claims are against the owner and others. Therefore, section 429.300 does not require Weis to join its claims with the mechanic's lien action brought by those seeking to recover on a lien against the property. To the extent that prior cases hold to the contrary, they are no longer to be followed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Stratum Design–Build, Inc. ("Stratum") was general contractor for a construction contract with Hurlbut Investments, LLC ("Hurlbut"), which owned the property upon which the construction project was undertaken. As part of the process by which Hurlbut secured funding for the construction project, four companies—Hurlbut; Stratum; Title Insurers Agency, Inc. ("TIA"), as escrow agent; and Southwest Bank of St. Louis ("Southwest"), as lender—entered into a construction escrow agreement that detailed the process by which funds would be disbursed to pay those providing supplies or performing services for the construction project.

Weis was the drywall subcontractor hired by Stratum for the project. Weis completed all of its work on the project by August 22, 2003, and submitted its invoices to Stratum. Stratum billed Hurlbut, which paid Stratum 90% of the cost of the work performed by Weis.[2] Stratum, however, did not pay these funds over to Weis as required by the construction escrow agreement. In July 2005, Weis filed the present action against Stratum, Hurlbut, TIA, and Southwest (collectively "Defendants"). Count I of Weis' petition alleged breach of the subcontract agreement between Weis and Stratum and violation of the prompt payment act, sec. 431.180. Count II alleged that TIA breached its fiduciary duties to Weis in the administration of the escrow fund. Counts III and IV alleged breach of the construction escrow agreement by Hurlbut and Southwest, respectively, and that Weis was a third-party beneficiary to that agreement.

In October 2005, Hurlbut and Southwest filed a joint motion to dismiss, alleging that, because Weis failed to intervene in a prior equitable mechanic's lien suit filed by various other subcontractors involved in the construction project,[3] the trial court had no subject matter jurisdiction over Weis' claims against Defendants.

The trial court took judicial notice of the equitable mechanic's lien suit. Weis was not a party to that case. Nonetheless, the trial court found that the existence of the mechanic's lien case barred Weis' claims against Defendants because, the court believed, under section 429.300 "a contractor or supplier on a construction project cannot recover in a breach of contract suit if a mechanic's lien suit is filed by a different entity which did work on the same job, *unless the breach of contract suit is joined with the mechanic's lien suit.*" (emphasis added by trial court). Accordingly, the trial court dismissed the action.[4] Weis appeals.

---

2. According to Weis, the total cost of the work it performed was $54,861.43. Hurlbut paid 90% of that to Stratum and withheld the remaining 10% as a retainer.

3. This equitable mechanics lien suit, *Dynamic Electric Corp, et al. v. Stratum Design–Build, et al.*, 03CC–004361, was filed in the Circuit Court of St. Louis County in late October 2003 and had been settled and dismissed at some point prior to the time Hurlbut's and Southwest's motion to dismiss was filed in this case.

4. Hurlbut's and Southwest's motion to dismiss also alleged, as an alternative ground for dismissal, that Weis had failed to state a claim upon which relief could be granted because Weis was not a third-party beneficiary of the construction escrow agreement. The trial

## II. STANDARD OF REVIEW

 "Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 55.27(g)(3). "Generally, the decision to dismiss for lack for subject-matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion." *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 22 (Mo. banc 2003). But when, as here, the facts of a case are uncontested and the resolution of the issue turns solely on the interpretation of pertinent statutes, "a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed *de novo*." *Id.*; *Barker v. Barker*, 98 S.W.3d 532, 534 (Mo. banc 2003).

## III. DISCUSSION

 In determining the meaning of a statute, "the primary rule is to consider words in their plain and ordinary meaning." *StopAquila.org v. City of Peculiar*, 208 S.W.3d 895, 902 (Mo. banc 2006). "[I]t is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed." *Cook Tractor Co., Inc. v. Dir. of Rev.*, 187 S.W.3d 870, 873 (Mo. banc 2006).

Section 429.300 is part of a series of statutes setting out the procedure whereby any person performing services or providing materials for a construction project can obtain a mechanic's lien. They describe both the means to enforce such liens and the effects of their enforcement. *See generally* secs. 429.010 to 429.340. Section 429.270 provides that "any and all" mechanics' liens may be adjudicated and that "[s]uch action shall be an equitable action for the purpose of determining the various rights, interest and liens *of the various mechanics' lien claimants.*" (emphasis added). Section 429.290 warns that once such an equitable action is brought, it "shall be exclusive of other remedies *for the enforcement of mechanics' liens.*" (emphasis added). Section 429.300 further provides:

> all other suits that may have been brought *on any mechanic's lien claim or demand* shall be stayed and no further prosecuted, and the parties in any such other suit shall be made parties to such equitable action.... "After the institution of such equitable action no separate suit shall be brought *upon any mechanic's lien or claim against said property,* or any of it, but the rights of all persons shall be adjusted, adjudicated and enforced in such equitable suit."

(emphasis added).

 This Court agrees with *Mabin Construction Co. v. Historic Constructors, Inc.*, 851 S.W.2d 98, 102 (Mo.App. W.D. 1993), that the plain and ordinary language of section 429.300 and the related statutes quoted above states that these statutes govern only the enforcement of rights of *mechanics' lien claimants.* Mechanics' liens involve claims against property, not

court did not address this issue because it sustained the motion to dismiss for lack of subject matter jurisdiction. This Court will not address this issue in the first instance on this appeal. It involves the application of settled law, *see, e.g. Nitro Distributing, Inc. v. Dunn*, 194 S.W.3d 339, 345 (Mo. banc 2006); *Netco, Inc. v. Dunn*, 194 S.W.3d 353, 358 (Mo. banc 2006) (both explaining and applying rules governing what constitutes a third-party beneficiary), to particular facts and is appropriately addressed by the trial court on remand. *Cf. Norman v. Fischer ·Chevrolet Oldsmobile, Inc.*, 50 S.W.3d 313, 318 n. 2 (Mo.App. E.D.2001); *see also Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978) (explaining appellate courts' role as courts of review).

persons. "The purpose of an equitable mechanic['s] lien action is to enforce multiple mechanics' lien claims filed against the same real estate and to adjudicate the rights claimed under all conflicting liens, encumbrances, or other interests in the property." *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 430 (Mo. banc 2003); *see also Mabin*, 851 S.W.2d at 100. This allows "interests against the same real estate [to] be adjudicated in one action ... avoiding inconsistent judgments or promoting a race to foreclose." *State ex rel. Kirkwood Excavating, Inc. v. Stussie*, 689 S.W.2d 131, 135 (Mo.App. E.D.1985) (Smith, J., concurring).

There is no comparable policy basis to force claimants who assert no claim to an interest in the real estate into the mechanic's lien suit. Unlike lien claimants, a non-lien claimant does not hold a competing interest in the property at issue. Rather, a non-lien claimant has an individual claim against the owner or some other entity involved in a project undertaken on the property. To force the non-lien claimant into an equitable action designed to adjudicate competing interests in property in which the non-lien claimant has no interest does not further any of the policy goals identified.

For these reasons, "a claimant, not made a party to a related equitable mechanic's lien action, who does not avail itself of the mechanic's lien statute and elects, instead, to bring a common law breach of contract action to recover damages is not barred from bringing such action by the provisions of the equitable mechanic's lien statute." *Mabin*, 851 S.W.2d at 102.

*Drywall Interior Systems Construction, Inc. v. Ladue Building & Engineering Corp.*, 857 S.W.2d 523, 524 (Mo.App. E.D. 1993), erred in reaching a contrary result. It did so in reliance on this Court's decisions in *State ex rel. Great Lakes Steel Corp. v. Sartorius*, 249 S.W.2d 853, 855 (Mo. banc 1952), and *State ex rel. Clayton Greens Nursing Center, Inc. v. Marsh*, 634 S.W.2d 462 (Mo. banc 1982). But *Sartorius* simply held that section 429.300 requires that a mechanic's lien claimant who is party to an equitable mechanic's lien action cannot subsequently file a separate non-lien contract action arising from "the same transactions between the same parties that are involved in the equitable mechanic's lien suit." 249 S.W.2d at 855. *Clayton Greens* extended *Sartorius'* reasoning, holding that a contract action filed *prior to* an equitable mechanic's lien action must be stayed pursuant to section 429.300 if the plaintiff in the contract action also is a named party in the equitable lien action. 634 S.W.2d at 465.

Both cases make it clear, and this Court reaffirms, that a party *who is a mechanic's lien claimant* cannot also bring a separate suit on other claims but must join all of its claims in a single action. This furthers the goal of avoiding a multiplicity of litigation and is consistent with the requirement of sections 429.270 and 429.300 that other suits brought on a mechanic's lien shall be filed together and that this equitable suit shall determine all the rights of *mechanics' lien claimants*.[5]

*Drywall* erred in holding that companies or persons who have a claim arising out of a construction project but who are not mechanics' lien claimants must join

---

5. *See Rozier v. Griffith*, 31 Mo. 171, 171 (Mo. 1860) ("Equity having jurisdiction for one purpose, will do full justice between the parties and thus avoid multiplicity of suits"); *cf. Hemme v. Bharti*, 183 S.W.3d 593, 598 (Mo. banc 2006) (describing the similar purpose of compulsory counterclaims).

their non-lien claims with the equitable mechanic's lien suit brought by lien claimants that were part of the same construction project. To the extent that *Drywall, State ex rel. Power Process Piping, Inc. v. Dalton,* 681 S.W.2d 514 (Mo.App. E.D. 1984), and similar cases hold that an equitable mechanic's lien suit is "the only available forum" for filing a breach of contract claim, even where the plaintiff is not also seeking to enforce a mechanic's lien, they are incorrect and should no longer be followed.

Applying these principles here, Weis is not a mechanic's lien claimant. It has never filed a mechanic's lien against Hurlbut's property nor has it intervened in the equitable mechanic's lien suit or claimed any interest in the property that is the subject of the mechanic's lien suit. Weis has asserted solely tort and contract claims against the individual defendants. As section 429.300 and related statutes concern only "mechanics' lien claimants," they have no application to Weis' tort and contract action.

## IV. CONCLUSION

The trial court's judgment is reversed, and the case is remanded.[6]

All concur.

---

**6.** Weis raised an additional point on appeal, arguing that the trial court's dismissal of Weis' claims violated its due process rights because Weis was not provided notice and an opportunity to be heard before its claims were barred. Because this Court has reversed the judgment, it need not reach this issue.