MISSOURI PUBLIC SERVICE COMMISSION, Appellant,

v.

MISSOURI INTERSTATE GAS, LLC, et al., Respondent.

No. WD 68506.

Missouri Court of Appeals,
Western District.

Oct. 28, 2008.

Peggy Ann Whipple, Jefferson City, MO, for appellant.

Paul S. Deford, Aimee Dee Guzman, Co–Counsel, Kansas City, MO, David G. Brown, Co–Counsel, Jefferson City, MO, for respondents.

Before: JOSEPH M. ELLIS, Presiding Judge, LISA WHITE HARDWICK, Judge and JOSEPH P. DANDURAND, Judge.

JOSEPH M. ELLIS, Judge.

The Missouri Public Service Commission ("MoPSC") appeals the dismissal of its petition for preliminary and permanent injunction against Respondents on the basis of federal preemption. Respondents are affiliated companies involved in the transportation and sale of natural gas: Missouri Interstate Gas, LLC ("MIG"); Missouri Pipeline Company, LLC ("MPC"); Missouri Gas Company, LLC ("MGC"); United Pipeline Systems, LLC ("United"); and Gateway Pipeline Company, LLC ("Gateway") (together, "the Pipelines"). MIG, MPC and MGC are wholly-owned subsidiaries of United, which is a wholly-owned subsidiary of Gateway.

MIG owns and operates a 6.6–mile interstate pipeline extending from an interconnection in Illinois to an interconnection with MPC in Curryville, Missouri. When these proceedings began, the Pipelines operated under a certificate of public conven-

ience and necessity issued to MPC by MoPSC in August 1989. That certificate was conditioned upon MPC maintaining physical separation of its intrastate pipeline from the portion of the pipeline that crosses into Illinois and obtaining exemption from federal regulation to become subject to MoPSC's jurisdiction.[1] MPC complied with these conditions and was granted permanent authority to transport natural gas by MoPSC in August 1990. In October 2001, MoPSC granted Gateway, MPC, and MGC authority to combine their operations, with the condition that if the portion of the pipeline extending into Illinois became operational then the companies would take certain actions to assure continued state jurisdiction. None of the Pipelines objected to or sought appellate relief from these orders when they were entered.

On June 28, 2006, the Pipelines filed a joint application with the Federal Energy Regulatory Commission ("FERC") for certificates of public convenience and necessity and abandonment authorizations, seeking to consolidate their intrastate and interstate operations into one interstate operation. The application contemplated that the MPC and MIG facilities would be held by the same company, that gas would flow from Missouri into Illinois, and that MPC and MGC would no longer retain their exemption from federal jurisdiction. The Pipelines did not seek relief from the three previous MoPSC orders and did not seek authorization for the consolidation from MoPSC before filing their application with FERC.

On July 25, 2006, MoPSC filed a petition for preliminary and permanent injunction against the Pipelines, seeking to compel them to comply with the three final orders of MoPSC summarized above and with § 393.190.1, RSMo 2000.[2] Section 393.190.1 provides that no company under MoPSC's jurisdiction may seek to transfer or consolidate operations without first obtaining authorization from MoPSC and that any transfer or consolidation completed without such authorization is void. The Pipelines removed the case to federal court and filed an answer, but the case was remanded back to the Circuit Court of Cole County. The Pipelines subsequently filed a motion to dismiss the petition, asserting that FERC has exclusive jurisdiction over the transportation and sale of natural gas in interstate commerce under the Natural Gas Act ("NGA") and, therefore, MoPSC's claims were preempted and the court lacked jurisdiction to hear the case.

After initiating the case at bar, MoPSC intervened in the Pipelines' FERC application, requesting that FERC abstain from acting on the application pending resolution of these proceedings. In the alternative, MoPSC moved for FERC to reject or dismiss the application because the Pipelines' proposed merger would contravene conditions in the certificates issued by MoPSC and they did not request approval from MoPSC as allegedly required under state law. The parties presented essentially the same arguments to FERC as to the trial court below and in the arguments on the merits in this appeal.

---

1. Under § 1(c) of the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, the "Hinshaw Amendment," companies are exempt from federal jurisdiction if (1) they are interstate pipelines that receive gas within the boundaries of a state, (2) gas is consumed within that state, and (3) rates and service are subject to regulation by that state.

2. Whenever a public utility is failing or omitting or about to fail or omit to do anything required of it by law, § 386.360, RSMo 2000, authorizes MoPSC to commence an action to stop or prevent such violations or threatened violations, either by mandamus or injunction.

On April 20, 2007, FERC issued its order concerning the Pipelines' application and all related motions. It denied MoPSC's motions, finding that abstention was improper because "the applications before us and the pending state proceeding involve different issues" and that neither "failure to demonstrate compliance" with state laws nor "arguments that its purpose is to avoid state regulation" were grounds for rejection of an application. FERC declined to address the parties' arguments concerning federal preemption because it had denied the motions to abstain or reject the applications.

FERC granted the Pipelines' application for certificates of public convenience and necessity and authorized them to acquire or abandon by transfer certain facilities so as to consolidate into one interstate pipeline under MGC's name. Among other things, the April 20, 2007 order required the Pipelines to make certain revisions to their rate and tariff proposals and to file certain paperwork ("compliance filings") concerning those issues within 60–90 days "prior to commencement of interstate service." The Pipelines formally accepted the certificates a few days later, acknowledging that certain filings were required 60–90 days before commencing service.

On May 1, 2007, the trial court entered its judgment dismissing MoPSC's action with prejudice, finding that the Pipelines' FERC application was governed exclusively by the NGA and, therefore, the exercise of any state authority, including an injunction from consolidating or transferring without prior authorization, was preempted. The court reasoned that the practical effect of an injunction would be to interfere with FERC's ability to determine the merits of the Pipelines' application and

could ultimately bar the Pipelines from entering into interstate commerce. Although the trial court had not seen the April 20, 2007 FERC order before entering its judgment, it refused to set aside the judgment after reviewing the order. This appeal follows.

■■■■ MoPSC brings five points on appeal.[3] In its first two points, MoPSC contends that the trial court erroneously concluded that it did not have subject matter jurisdiction because MoPSC's claims were federally preempted. Pursuant to Rule 55.27(g)(3), a court must dismiss an action whenever it appears that it lacks jurisdiction over the subject matter. *George Weis Co. v. Stratum Design–Build, Inc.*, 227 S.W.3d 486, 489 (Mo. banc 2007).

> Generally, the decision to dismiss for lack for subject-matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. But when, as here, the facts of a case are uncontested and the resolution of the issue turns solely on the interpretation of pertinent statutes, a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed *de novo*.

*Id.* (internal quotations omitted).

MoPSC asserts that applicable federal law provides for state regulation of natural gas pipelines operating as purely intrastate pipelines and the evidence conclusively establishes that the Pipelines currently operate solely as intrastate pipelines. As of the date of oral arguments before this Court, the parties confirmed that the Pipelines had not yet begun to operate the interstate portions of their pipelines and FERC still had not

---

**3.** MoPSC also filed a motion for injunction pending the outcome of this appeal, which this Court denied.

approved the Pipelines' compliance filings. Thus, the Pipelines remained under MoPSC's jurisdiction while the FERC proceedings were still ongoing. FERC itself confirmed this reasoning, stating in its February 19, 2008 order that the Pipelines *"are* exempt" from FERC's jurisdiction under the Hinshaw amendment and that, "[a]s such, *they will continue to be regulated by the Missouri Public Service Commission (MoPSC)* until MoGas [the designation for the new merged pipeline] is authorized to go into service by [FERC]." (Emphasis added.)

The trial court erred in dismissing MoPSC's petition on federal preemption grounds. As stated in the federal district court's order remanding this case back to state court, in FERC's April 20, 2007 order, and in FERC's February 19, 2008 order, "[t]he thrusts of the state and federal proceedings were different." FERC reiterated in its February 19, 2008 order that the case at bar concerns "issues of whether the conditions on the [Pipelines'] state certificates could be enforced and whether the [Pipelines] could merge without approval from the MoPSC," while the FERC proceedings focus on "whether the [Pipelines'] proposed merger was required by the public convenience and necessity." MoPSC represented to this Court that it is not seeking to "forever preclude" the Pipelines from applying to FERC for authorization to commence interstate operations but, rather, to require the Pipelines to comply with § 393.190.1 before doing so. Although the trial court correctly concluded that MoPSC cannot preclude the Pipelines from applying to FERC for authority to commence interstate operations, that application may be concurrent with an application to MoPSC under § 393.190.1. The Pipelines must still comply with Missouri law as long as they are under MoPSC's jurisdiction, and the Pipelines concede that they failed to comply with § 393.190.1. We

cannot and will not speculate on what would happen if MoPSC declined to authorize the Pipelines to consolidate.

■ Nevertheless, subsequent to the case being submitted to this Court, on May 30, 2008, FERC issued its order approving the Pipelines' compliance filings effective June 1, 2008, which resulted in the Pipelines being authorized to merge and commence interstate operations. Accordingly, the Pipelines have now consolidated their operations and commenced interstate service, thereby losing their exemption from federal regulation. MoPSC concedes, as it must, that FERC has exclusive jurisdiction over the transportation and sale of natural gas in interstate commerce. Thus, the Pipelines are no longer under MoPSC's jurisdiction.

■ "A threshold question in any appellate review of a controversy is the mootness of the controversy." *In re Duvall,* 178 S.W.3d 617, 621 (Mo.App. W.D.2005) (internal quotation omitted). "A case is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Atteberry v. Mo. Bd. of Probation and Parole,* 193 S.W.3d 444, 446 (Mo.App. W.D.2006) (internal quotation omitted). Because the Pipelines are no longer under MoPSC's jurisdiction, the instant appeal must be dismissed as moot.

All concur.