STATE of Missouri ex rel. MISSOURI
PUBLIC SERVICE COMMISSION,
Appellant,

v.

MISSOURI GAS COMPANY, LLC,
et al., Respondents.

No. WD 71228.

Missouri Court of Appeals,
Western District.

April 6, 2010.

Application for Transfer Denied
June 29, 2010.

Jennifer L. Heintz, Samuel Ritchie, Jefferson City, for appellant.

David G. Brown, Columbia, MO, Leland B. Curtis, Co-Counsel, St. Louis, MO, for Respondents.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Judge.

The State of Missouri on behalf of the Public Service Commission appeals the circuit court's judgment granting a motion for judgment on the pleadings filed by several pipeline companies, which we refer to collectively as MoGas.[1] In its petition,

---

6. Having reached this conclusion, we need not address the Consumers' second point on appeal.

1. The pipeline companies in this case are affiliated companies involved in the transportation and sale of natural gas: Missouri Gas Company, LLC; Missouri Pipeline Company, LLC; MoGas Pipeline, LLC; United Pipeline Systems, LLC; and Gateway Pipeline Company, LLC. According to the petition, Missouri

the Commission contended that MoGas owed penalties due to MoGas's failure to obtain the Commission's authorization to transfer, merge, or consolidate its operations in violation of section 393.190.1, RSMo 2000. On appeal, the Commission asserts that the circuit court erred in granting MoGas's motion for judgment on the pleadings because (1) the well-pleaded facts in the petition establish that MoGas violated section 393.190.1, and (2) this court's prior opinion in *Missouri Public Service Commission v. Missouri Interstate Gas, LLC*, 266 S.W.3d 881 (Mo.App. 2008), is the law of the case and, pursuant to that case, MoGas was required to comply with Missouri law while under the Commission's jurisdiction. We affirm the circuit court's judgment.

" 'The question presented by a motion for judgment on the pleadings is whether the moving party is entitled to judgment as a matter of law on the face of the pleadings.' " *Eaton v. Mallinckrodt, Inc.*, 224 S.W.3d 596, 599 (Mo. banc 2007) (quoting *RGB2, Inc. v. Chestnut Plaza, Inc.*, 103 S.W.3d 420, 424 (Mo.App.2003)). "The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all the opposing party's well pleaded facts, and the motion is properly granted if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law." *Craig v. Mo. Dep't of Health*, 80 S.W.3d 457, 459 (Mo. banc 2002).

On December 15, 2008, the Commission initiated this case by filing a petition in the Circuit Court of Cole County seeking penalties from MoGas for MoGas's failure to obtain the Commission's authorization to transfer, merge, or consolidate its operations in violation of section 393.190.1. The facts as pleaded in the Commission's petition were as follows. As early as August 1, 1989,[2] and through June 1, 2008, MoGas was a public utility and a gas corporation that provided natural gas transportation service to customers in Missouri under tariffs approved by the Commission. During this time, MoGas operated as an intrastate natural gas pipeline exempt from federal jurisdiction and was subject to the Commission's jurisdiction.

On June 28, 2006, MoGas applied to the Federal Energy Regulatory Commission (FERC) to transfer, merge, or consolidate its operations into an interstate pipeline.[3] MoGas did not seek authorization from the Commission to transfer, merge, or consolidate its operations. MoGas was regulated by the Commission and under the Commission's jurisdiction until June 1, 2008, when the FERC granted MoGas's application and took exclusive jurisdiction over MoGas and its pipeline. Subsequent to the FERC taking jurisdiction over MoGas, MoGas transferred, merged, or consolidated its intrastate operations into a single interstate operation.

Gas Company, LLC, and Missouri Pipeline Company, LLC, have changed their names to Mogas Pipeline, LLC. Mogas Pipeline, LLC, is also a wholly-owned subsidiary of United Pipelines Systems, LLC, which is a wholly-owned subsidiary of Gateway Pipeline Company, LLC.

2. In its petition, the Commission notes that Mogas Pipeline, LLC, formerly known as Missouri Pipeline Company, LLC, and Missouri Pipeline, was certified by the Commission in 1989 and operated as a public utility and gas

corporation between August 1, 1989, and June 1, 2008. Also, MoGas Pipeline, LLC, formerly known as Missouri Gas Company, LLC, and Missouri Gas Company, was certified by the Commission in 1996 and operated as a public utility and gas corporation between December 3, 1996, and June 1, 2008.

3. The Missouri Public Service Commission has no authority to regulate interstate gas pipelines.

According to its petition, the Commission contended that the above pleaded facts stated a violation of section 393.190.1, in that MoGas "failed to secure from the Commission an order authorizing" the transfer, merger, or consolidation of its franchise, works, or system "prior to or at the same time" that MoGas filed its FERC application to become an interstate pipeline. The Commission prayed that, pursuant to section 386.570, RSMo 2000, the circuit court should impose penalties on MoGas for the period June 28, 2006, to June 1, 2008, which was the period during which MoGas's FERC application was pending but before MoGas engaged in any transfer, merger, or consolidation of its franchise, works, or system into a single interstate operation.

On February 11, 2009, MoGas timely answered the petition and filed a motion for judgment on the pleadings. On June 1, 2009, the circuit court granted MoGas's motion, concluding that the only allegation of misconduct contained in the petition was that MoGas applied to the FERC to become an interstate pipeline and that such conduct was not prohibited by section 393.190.1. The Court stated:

> Plaintiffs do not allege that [MoGas] sold, assigned, leased, transferred, mortgaged, or otherwise disposed of or encumbered all or any part of its assets prior to June 1, 2008. Their allegations collapse to the single allegation[:] the Defendant's application to the FERC constitutes a violation of this statute.
>
> A review of the statute (§ 393.190.1) does not reveal liability for taking a substantial step towards, attempting or even merely contemplating selling, assigning, leasing, transferring or any other conduct which is prohibited by the statute. Simply stated, the plain language of this statute does not prohibit entering into a contract to merge or to

sell, but only the consummation of such transaction without [the Commission's] approval.

> A utility is not required to comply with a statute which does not apply to its conduct. As a result, its failure to comply creates no liability under the facts of this case.

The Commission appeals from the circuit court's judgment granting MoGas's motion for judgment on the pleadings.

■ In its first point on appeal, the Commission contends that the circuit court erred in granting MoGas's motion for judgment on the pleadings because the well-pleaded facts in the petition establish that MoGas violated section 393.190.1. We disagree.

Section 393.190.1 says:

> No gas corporation … shall hereafter sell, assign, lease, transfer, mortgage or otherwise dispose of or encumber the whole or any part of its franchise, works or system, necessary or useful in the performance of its duties to the public, nor by any means, direct or indirect, merge or consolidate such works or system, or franchises, or any part thereof, with any other corporation, person or public utility, without having first secured from the commission an order authorizing it so to do. Every such sale, assignment, lease, transfer, mortgage, disposition, encumbrance, merger or consolidation made other than in accordance with the order of the commission authorizing same shall be void.

We find nothing in section 393.190 that requires a gas corporation to obtain an order from the Commission during the period in which the gas corporation may be contemplating or preparing to "sell, assign, lease, transfer, mortgage, or otherwise dispose of or encumber the whole or any part of its franchise, works or system" or to "merge or consolidate such works or

system, or franchises, or any part thereof, with any other corporation, person or public utility[.]"

Section 393.190 merely says that, before a gas corporation can transfer, merge or consolidate its operations with any other corporation or public utility, the gas corporation must first secure an order from the Commission authorizing it to do so. In this case, MoGas did not transfer, merge, or consolidate its operations into a single interstate operation until after June 1, 2008, when the FERC had exclusive jurisdiction over it. The Commission seeks penalties for the period beginning on June 28, 2006, and ending on June 1, 2008, which is the period during which MoGas was merely preparing to transfer, merge, or consolidate its operations. Until MoGas actually transferred, merged, or consolidated its operations, section 393.190's requirement of Commission approval was not implicated. Such a transfer, merger, or consolidation did not occur in this case until after MoGas's FERC application was approved and MoGas was no longer under the Commission's jurisdiction. Once MoGas was under the FERC's jurisdiction, the Commission's approval was no longer required.

In asserting that the circuit court erred in granting MoGas's motion for judgment on the pleadings, the Commission contends that this court's prior opinion in *Missouri Public Service Commission v. Missouri Interstate Gas, LLC*, 266 S.W.3d 881 (Mo. App.2008), is the law of the case,[4] and, pursuant to that case, MoGas was required to comply with Missouri law while under the Commission's jurisdiction. In the *Missouri Interstate Gas* case, the Commission sought a preliminary and permanent injunction against the companies involved in this case and Missouri Interstate Gas, LLC. *Id.* at 882. The Commission sought to prevent the companies from obtaining federal approval for a consolidated interstate pipeline without first obtaining the Commission's approval. *Id.* at 885. This court ruled that the appeal was moot because the companies were no longer under the Commission's jurisdiction. *Id.* In so ruling, the court, in *dicta*, also said:

> [The Commission] represented to this Court that it is not seeking to "forever preclude" the Pipelines from applying to FERC for authorization to commence interstate operations but, rather, to require the Pipelines to comply with § 393.190.1 before doing so. Although the trial court correctly concluded that [the Commission] cannot preclude the Pipelines from applying to FERC for authority to commence interstate operations, that application may be concurrent with an application to [the Commission] under § 393.190.1. The Pipelines must still comply with Missouri law as long as they are under [the Commission's] jurisdiction, and the Pipelines concede that they failed to comply with § 393.190.1.

*Id.* We do not quarrel, however, with this *dicta*. MoGas could have concurrently filed an application with the FERC and sought the Commission's approval to transfer, merge, or consolidate its operations if it was seeking to transfer, merge, or consolidate its operations regardless of whether the FERC approved its applica-

---

4. MoGas argues that the law of the case doctrine does not apply in this case because the present action is an entirely different cause of action, initiated by a different pleading, and is not a result of a remand ordered in the *Missouri Interstate Gas* case. According to Mo-Gas, the law of the case in *Missouri Interstate Gas* is the law of that case and not the law of the present case. Because, however, we find that *Missouri Interstate Gas* is not inconsistent with our holding in this case, whether or not *Missouri Interstate Gas* is the law of the case is inconsequential.

tion for interstate operations. If MoGas was seeking to transfer, merge, or consolidate its operations regardless of whether the FERC approved its application for interstate operations, then this court was absolutely correct in saying that MoGas would have to "comply with Missouri law as long as [it was] under [the Commission's] jurisdiction[.]" That MoGas conceded that it failed to comply with section 393.190.1 is not an admission by MoGas that it had to comply with section 393.190.1. Moreover, construction of section 393.190.1 was not necessary to the disposition of the *Missouri Interstate Gas* case as the court determined that the Commission's appeal in that case was moot. *Id.*

Because the FERC granted MoGas's application, we do not know whether MoGas would have proceeded with its transfer, merger, or consolidation of its operations in the event that the FERC declined to authorize MoGas's application. If the FERC denied MoGas's application and MoGas proceeded anyway with its transfer, merger, or consolidation of its operations without the Commission's approval, then the Commission would have been entitled to seek penalties under section 386.570, RSMo 2000, from MoGas. Because, however, the Commission's petition did not allege that MoGas transferred, merged, or consolidated its operations prior to June 1, 2008, when the FERC assumed jurisdiction over MoGas, the circuit court did not err in granting MoGas's motion for judgment on the pleadings.

We, therefore, affirm the circuit court's judgment.

All concur.